BRADLEY, Judge.
This appeal is from a judgment dismissing the tort of outrageous conduct count in the defendant’s counterclaim.
*1247 This action arises from a contract entered into by Tom Henderson, d/b/a Henderson Steel Buildings and Erection (Henderson), with Marie Collins, whereby Henderson agreed to perform repairs on Collins’s underground home. In November 19S2 Collins asked Henderson to cease repairing her home because she was dissatisfied with his performance. Henderson then filed suit against her for monies owed under a contract, work and labor done, open account, and conversion. Collins filed an answer and counterclaim containing eight counts against Henderson. Some of these counts included claims for breach of contract, misrepresentation, and negligent/reckless performance. The last of these counts (Count VIII) alleged that Henderson by his extreme and outrageous conduct recklessly and/or intentionally caused severe emotional distress to Collins and her children. Henderson then filed a motion to dismiss the counterclaim, or in the alternative, a motion for a more definite statement. The trial court dismissed Collins’s tort of outrage count and permitted the other counts to proceed to trial. After the trial judgment was rendered for Henderson in the amount of $1,800.
Collins appeals only from the trial court’s dismissal of her tort of outrage claim. We affirm.
A motion to dismiss should be granted only when it appears on the face of the complaint or claim that the claimant can prove no set of facts entitling him to relief. “The issue presented by a motion to dismiss is not the likelihood of the [claimant’s] prevailing in the action, but whether the [claimant] should be permitted to present evidence in support of the claim.” Alorna Coat Corp. v. Behr, 408 So.2d 496 (Ala.1981). In order to determine whether the trial court properly dismissed Collins’s tort of outrage count, we must examine the elements of this tort as established by our case law.
In American Road Service Co. v. Inmon, 394 So.2d 361 (Ala.1980), the supreme court recognized the theory of the tort of outrageous conduct as described in Restatement (Second) of Torts § 46 (1966). There are four distinct elements of the tort of outrage, as indicated below:
“(1) [T]hat the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct ...; (2) that the conduct was ‘extreme and outrageous,’ ...; (3) that the actions of the defendant were the cause of the plaintiff’s distress, ...; and (4) that the emotional distress sustained by the plaintiff was ‘severe’.... ”
Agis v. Howard Johnson Co., 371 Mass. 140, 355 N.E.2d 315 (1976) (quoted in U.S.A. Oil, Inc. v. Smith, 415 So.2d 1098 (Ala.Civ.App.1982).
“The cases thus far decided have found, liability only where the defendant’s conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by ‘malice,’ or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, ‘Outrageous!’ ”
Restatement (Second) of Torts § 46, comment d (1966).
“It is for the court to determine, in the first instance, whether the defendant’s conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, or whether it is necessarily so. Where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been suffi *1248 ciently extreme and outrageous to result in liability.”
Restatement (Second) of Torts § 46, comment h (1966).
Our courts have found the evidence sufficient to support a cause of action for the tort of outrageous conduct in only a few cases. For example, in National Security Fire & Casualty Co. v. Bowen, 447 So.2d 133 (Ala.1983), the supreme court held that the evidence supported a finding of outrageous conduct on the part of investigators who physically and verbally threatened claimant and his family in an effort to coerce him to drop his insurance claim. In Cates v. Taylor, 428 So.2d 637 (Ala.1983), the supreme court held that defendant’s interference with the burial of plaintiffs father thirty minutes before the funeral service constituted outrageous conduct. See also, Rice v. United Insurance Co., 465 So.2d 1100 (Ala.1984) (allegations of employer’s organized attempt to harass and ridicule pregnant employee in order to force her to take disability leave, which eventually caused employee to suffer a miscarriage, stated a cause of action for the tort of outrage).
In most cases, however, our courts have held that the elements for the tort of outrage were not met. For example, in Em-piregas, Inc. v. Geary, 431 So.2d 1258 (Ala.1983), the supreme court held that claimant’s allegations that a gas company removed claimant’s regulator from her gas tank and subsequently failed to return it for nine days during bitterly cold weather did not meet the test of outrageous conduct as established by our decisions. In American Road Service Co. v. Inmon, supra, the supreme court held that plaintiff’s allegations that he had been wrongfully accused by his employer of taking kickbacks and had been interrogated, humiliated, and then fired by his employer, did not rise to the level of a cause of action for the tort of outrageous conduct. See also, Tyson v. Safeco Insurance Companies, 461 So.2d 1308 (Ala.1984); Edwards v. McAllister, 437 So.2d 74 (Ala.1983); Peddycoart v. City of Birmingham, 392 So.2d 536 (Ala. 1980). With the above decisions concerning the tort of outrage in mind, we now turn to Collins’s pleadings to determine whether they are sufficient to allege a cause of action for the tort of outrage.
In the present case Collins alleges that Henderson caused her and her children severe emotional distress in failing to properly repair her home. Specifically, she alleges that Henderson (1) caused tar damage to her home and household furnishings, (2) caused the walls in her home to crack, (3) caused her house to leak, resulting in water damage to her home and household furnishings, and (4) cut a power cable outside the home and then improperly repaired the cable, causing balls of electricity to fly through her home.
The allegations in the counterclaim and upon which Collins based her claim of outrage relate to breach of contract and negligent performance of the contract and, therefore, do not rise to that level of “extreme and outrageous conduct” required by our cases and the Restatement (Second) of Torts, supra. Consequently, Collins’s tort of outrage count does not state a claim for which relief can be granted. Hence, the trial court did not commit reversible error by dismissing Count VIII of Collins’s counterclaim.
Additionally, we note that Collins based her allegation of outrage on the counts relating to breach of contract, breach of warranty, and negligent performance. The trial court, after hearing the evidence in support of these seven counts, found against Collins. Therefore, even if the dismissal of the eighth count was deemed to be error, it would be error without injury. If the contractor did not breach the contract or perform the work negligently, he certainly could not be guilty of “extreme and outrageous conduct” as required to prove the tort of outrage.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.