Toomey, J.
David Wetteland and Sheiyl Wetteland were married on August 29, 1976. In the later years of their marriage, Sheryl recovered memories from her childhood and late teenage years of her father’s physically and sexually abusing her. David Wetteland has now brought a loss of consortium claim against his in-laws. He alleges that, as a result of the recovered memories, the marriage began to deteriorate. The Wettelands were divorced on October 21, 1993.
This matter is before the court on defendants’ partial motion for summary judgment pursuant to Mass.R.Civ.P. 56(b).
STANDARD OF REVIEW
Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c). A party in a civil action moving for summary judgment on a claim on which the opposing party will have the burden of proof at trial is entitled to summary judgment if the moving party demonstrates, by reference to the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion for summary judgment.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
DISCUSSION
The defendants assert that the plaintiff has no reasonable likelihood of proving an essential element of his case, namely, that the plaintiff was married at the time his cause of action accrued. A “loss of consortium claim compensates for the ’’loss of the companionship, affection and sexual enjoyment of one’s spouse . . ." Agis v. Howard Johnson Co., 371 Mass. 140, 146 (1976). Although a cause of action for loss of consortium accrues, in most cases, at the same time as does the other spouse’s action for personal injuries, an identity of accrual may not always be true. Olsen v. Bell Tel. Laboratories, Inc., 388 Mass. 171, 176-77 (1983). Because the two causes of action are independent, the date of accrual of each action must be determined separately. Id. at 177.
As most torts, a cause of action for loss of consortium accrues on the date of plaintiffs injury. Dinsky v. Town of Framingham, 386 Mass. 801, 803 (1982). The plaintiff at bar asserts that this relationship with his wife suffered after Sheiyl remembered being abused. Affidavit of David Wetteland ¶2. Plaintiff avers that “[S]he became nervous and did not focus on our relationship . . . Our marital relations went at first from five time [sic] per week to two to three times per month.” Id. That testimony suggests that the plaintiff has a reasonable likelihood of proving that he was injured while he was married. Accordingly, because the accrual of the cause of action tracks the occurrence of the injuiy, the trier of fact may well be able to find that the accrual arose during the existence of the marriage. Plaintiff must be given the opportunity so to persuade the trier.
ORDER
For the foregoing reasons, defendants Ralph Dunkerty and Sandra Dunkerty’s partial motion for summary judgment against David Wetteland is DENIED.