Lopez, J.
In this action, plaintiffs, Laurie M. Restuccia (Restuccia), Salvatore Restuccia, Jr. and Neil S. LoRe (LoRe), seek damages stemming from the termination of Restuccia and LoRe’s employment by the defendants, Burk Technology, Inc. and its president, Peter C. Burk (Burk) on January 24, 1994. Defendants now move for summary judgment. After a hearing, defendants’ motion is ALLOWED in part and DENIED in part.
BACKGROUND
The following material facts are not in dispute. In February 1993, Restuccia and LoRe were employees of Burk Technology, Inc., a manufacturer of electronic equipment, owned by defendant Burk. The computer system used by employees of the corporation included an E-Mail system which provides interoffice communications. The computer system requires a password to log in. Each employee had their own password and were reminded to change their password periodically. There was no policy against using the E-Mail system for personal messages although there was a policy against excessive chatting. Supervisors had the ability to access employees’ computer files by using supervisory passwords. Plaintiffs were not specifically told that supervisors had access to their systems. Plaintiffs were not specifically told that their computer files, including E-Mail messages, were automatically saved onto back-up files to which supervisors had access.
Burk gave both plaintiffs raises at their respective performance reviews. On January 21, 1994, Burk called a staff meeting in which he outlined a fixed break-time policy requiring all employees to take their breaks at the same time. LoRe protested this policy at the meeting. Burk was displeased with LoRe but had no intention of terminating LoRe at that time. Later that day, a production manager informed Burk that LoRe was spending a lot of time using the E-Mail system.
That evening, Burk used his supervisory password to gain access to the back up files. Burk read his employees’ E-Mail files, including Restuccia’s and LoRe’s, for approximately eight hours. The E-mail messages between Restuccia and LoRe included nicknames for Burk and references to his extra-marital affair with another employee, as well as other personal correspondences.
Burk terminated Restuccia and LoRe on or about January 24, 1994. Burk alleges that the reason for their termination was the excessive quantity of the E-Mail, not the content of the messages. Plaintiffs brought this action, alleging wrongful termination, invasion of privacy, unlawful interception of wire communications, intentional and negligent infliction of emotional distress, loss of consortium, and interference with contractual relations. Defendants now move for summary judgment on all counts of the complaint.
DISCUSSION
This Court grants summary judgment where there are no genuine issues of material facts and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirm *713 atively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The non-moving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
1.Unlawful Interception of Wire Communication
The complaint alleges that defendants unlawfully intercepted wire communications in violation of G.L.c. 272, §99. General Laws, chapter 272, §99 generally prohibits the secret hearing or secret recording of wire communications by means of an intercepting device. The parties present a novel issue to this Court, namely whether an employer’s interception of employees’ EMail messages falls within those acts prohibited by G.L.c. 272, §99.
In support of their motion for summary judgment, defendants argue that Burk’s interception of the EMail messages falls within the permissible interceptions enumerated in G.L.c. 272, §99(D)(l)(b). That section provides for certain exemptions such that: “It shall not be a violation of this section ... for persons to possess an office intercommunication system which is used in the ordinary course of their business or to use such office intercommunication system in the ordinary course of their business.” G.L.c. 272, §99(D)(l)(b) (1990 & 1996 Supp.). In opposition, plaintiffs assert that Burk’s conduct in backing up the files and later reading the E-Mail flies does not fall within the exemption of §99(D) (1) (b) because Burk did not use the back-up files in the ordinary course of business.
Here, defendants’ computer system which automatically stored all files in back-up files is clearly protected under the provisions of §99(D)(l)(b). An employer’s interest in storing computer information in back-up files is clearly the type of permissible interception contemplated by the “ordinary course of business” exemption. Therefore, this Court finds that the back-up system which automatically stores all computer files including plaintiffs’ E-Mail messages does not constitute an unlawful wire interception in violation of G.L.c. 272, §99.
This Court is not persuaded by plaintiffs’ argument that the unlawful “interception” was not the back-up system itself, but, rather, Burk’s reading of plaintiffs’ E-Mail files. The statute defines “interception” as: “to secretly hear, secretly record, or aid another to secretly hear or secretly record the contents of any wire or oral communication through the use of any intercepting device . . .” G.L.c. 272, §99(B)(4) (emphasis added). Therefore, the “interception” in this case goes 'to the automatic back-up system which this Court has found is a protected interception under the statute. In contrast, Burk’s reading of the files goes to plaintiffs’ invasion of privacy claims, see discussion, infra, at §5. Defendants, therefore, are entitled to judgment on plaintiffs’ allegations under G.L.c. 272, §99.
2.Intentional Infliction of Emotional Distress
In order to prove a claim of intentional infliction of emotional distress, plaintiffs must demonstrate the defendants intentionally caused severe emotional distress through conduct that was extreme and outrageous. Agis v. Howard Johnson Co., 371 Mass. 140 (1976).
Plaintiffs have not alleged sufficient facts to establish that Burk’s conduct was so extreme and outrageous that it exceeded “all possible bounds of decency and was utterly intolerable in a civilized society.” See id. Nor have plaintiffs demonstrated that Burk’s conduct was intended to cause emotional distress, or that he should have known that emotional distress was the likely result of his conduct. As plaintiffs have not made a prime facie showing of these two elements, defendants are therefore entitled to judgment as a matter of law on plaintiffs’ claims of intentional infliction of emotional distress.
3.Negligent Infliction of Emotional Distress
A claim of negligent infliction of emotional distress requires a showing that defendants’ negligent act caused emotional distress resulting in physical harm. Nancy P. v. D’Amato, 401 Mass. 516 (1988). The physical harm must be manifested by objective symp-tomatology and substantiated by expert medical testimony. Payton v. Abbott Labs, 386 Mass. 540 (1982).
Restuccia claims that as a result of her termination, she experienced sleeplessness, stomachaches, headaches and suffered a miscarriage. LoRe claims that as result of his termination, he suffered from sleeplessness, gastrointestinal difficulties, and fatigue. Because plaintiffs have alleged sufficient facts to establish a claim for negligent infliction of emotional distress, they are therefore entitled to proceed with this claim.
4.Tortious Interference with Contractual Relations
Plaintiffs allege that Burk interfered with their contract for employment at Burk Technology, Inc. To succeed on a claim of interference with contractual relations, plaintiffs must prove that they had a contract with a third party, that the defendant knowingly and improperly induced the third party to break that contract and that plaintiffs were harmed by defendants’ actions. G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 272 (1991); United Truck Leasing Corp. v. Geltman, 406 Mass. 811 (1990). Because plaintiffs do not allege an existing or prospective contract with a third party, defendants are entitled to judgment as a matter of law. See Schinkel v. Maxi-Holding, Inc., 30 Mass.App.Ct. 41, 50 (1991) (recognizing that a corporate officer “might be so closely *714 identified with the corporation itself, and with its policies, that he should not be treated as a third person in relation to corporate contracts, susceptible to charges of tortious interference when he causes the corporation to breach its contractual obligations”).
5.Invasion of Privacy
Under Massachusetts law, “a person shall have a right against unreasonable, substantial, or serious interference with his privacy.” G.L.c. 214, §1B. There remain genuine issues of material fact on the issue of whether plaintiffs had a reasonable expectation of privacy in their E-Mail messages and whether Burk’s reading of the E-Mail messages constituted an unreasonable, substantial or serious interference with plaintiffs’ privacy. Accordingly, summary judgment is not appropriate on plaintiffs’ invasion of privacy claim.
6.Wrongful Termination
Plaintiffs’ wrongful termination claims are based on their allegation that Burk terminated them for reasons contrary to public policy embodied in state statutes prohibiting invasion of privacy (G.L.c. 214, §1B) and wiretapping (G.L.c. 272, §99). An employer may not discharge an at-will employee for reasons which violate a “clearly defined and well established public policy.” Glaz v. Ralston Purina Co., 24 Mass.App.Ct. 386, 390 (1987). Because this Court has found, supra, that a genuine dispute of material fact remains on the invasion of privacy issues, summary judgment will be denied on this count.
7.Loss of Consortium
Restuccia’s husband, Salvatore Restuccia, seeks damages for loss of consortium resulting from defendants’ conduct. A common law loss of consortium claim entitles either spouse to damages arising from personal injury of the other spouse caused by the negligence of a third person. Diaz v. Eli Lilly & Company, 364 Mass. 153, 167-68 (1973). Although the complaint incorrectly pled this allegation under G.L.c. 231, §85X rather than under a common law claim, Mr. Restuccia has alleged sufficient facts to go forward with his claim for loss of consortium.
ORDER
For the foregoing reason, it is hereby ORDERED that defendants’ motion for summary judgment is ALLOWED on those counts of the complaint alleging violations of G.L.c. 272, §99, intentional infliction of emotional distress, and tortious interference with contractual relations and DENIED on those counts of the complaint alleging wrongful termination, invasion of privacy, negligent infliction of emotional distress, and loss of consortium.