Hely, J.
INTRODUCTION
The plaintiffs, all members of the same family, allege various Federal and state civil rights violations and tort claims against the Department of Social Services and several Department employees. The complaint alleges that the father was falsely accused of sexual abuse of a child as a result of a faulty investigation by one of the Department social workers.
Many of the counts must be dismissed for the reasons summarized below. A few of the claims against two of the defendants survive the motion to dismiss, but they must be supplemented by a more definite statement.
I.THE CLAIMS AGAINST SANDRA GALLINDO
The complaint alleges that Sandra Gallindo, a social worker for two foster children, did not speak with them regarding the plaintiffs’ complaints about the girls’ sexualized behaviors. The complaint alleges also that Ms. Gallindo did not come to take the foster children as had been arranged on March 20, 1994, with Mr. Suarez. The complaint alleges nothing else about Ms. Gallindo. The complaint fails to state a claim against Ms. Gallindo upon which relief can be granted.
II.THE FEDERAL CIVIL RIGHTS CLAIMS UNDER THE FOURTEENTH AMENDMENT
The complaint adequately alleges a protected liberty interest of Ruben Suarez, Sr. to the extent that it alleges that defendants Donna M. Mahoney and Hendrick G. Workman deprived Mr. Suarez of his interest in living in his home with his family without due process of law. With respect to the other defendants , however, the complaint does not allege any facts that could amount to a procedural due process violation. A summary judgment motion would normally be necessary to determine issues of qualified immunity and the presence or absence of any evidence of a due process violation by Mahoney or Workman.
There remains, however, a fundamental defect in the Federal counts against all the defendants. It is well established that “public officers possess absolute immunity for activities that are intimately associated with the judicial process.” Frazier v. Bailey, 957 F.2d 920, 931 n. 12 (1st Cir. 1992). On tne face of the complaint, it is apparent that all of the defendants are being sued based on their conduct as Department employees in initiating judicial proceedings under G.L.c. 119 for the care and protection of a child based on their investigation of suspected child abuse. The alleged conduct was so “intimately associated with the judicial process” as to be entitled to absolute immunity under Frazier, supra, and the Federal cases cited there.
The complaint allows for one possible exception to absolute immunity from the Federal civil rights claims. The complaint alleges that Mr. Workman sent a letter dated July 14, 1994, that ordered Mr. Suarez to remain out of the home. It cannot be determined from the face of the complaint whether this alleged conduct was intimately associated with the judicial proceedings so as to be absolutely immune. Mr. Workman is entitled to a more definite statement of this claim.
III.THE FEDERAL AND STATE CONSTITUTIONAL CLAIMS ALLEGING UNCONSTITUTIONAL SEIZURES
The counts that allege unconstitutional seizures under the Fourteenth Amendment of the United States Constitution and Article XTV of the Declaration of Rights of the Commonwealth must be dismissed. The facts alleged in the complaint, taken in the light most favorable to the plaintiffs, do not amount to an unconstitutional seizure in violation of either the Fourteenth Amendment or Article XV.
IV.THE STATE CONSTITUTIONAL CLAIMS UNDER ARTICLE XI
In the State Constitutional claims under Article XI and G.L.c. 12, §111, the plaintiffs allege that the defendants interfered with their Article XI rights by threats, intimidation and coercion. The only allegation of a threat in the complaint is the statement that an unnamed “agent or employee” of the Department told Mr. Suarez that Rebecca would be removed from the home unless he agreed to leave. The complaint does not allege that any of the named employee defendants made this threat. No facts amounting to intimidation are alleged.
The only allegation in the complaint that might conceivably be construed as an allegation of coercion is the statement that the defendant Workman “ordered Mr. Suarez to remain out of the home.” For purposes of the motion to dismiss only, the court will assume that the complaint is adequate to state a bare bones state civil rights claim by Ruben Suarez, Sr. against Mr. Workman under Article XI and G.L.c. 12, §1II. Cf. Swanset Development Corp. v. Taunton, 423 Mass. 390, 396 (1996). Because of the absence of any fact allegations alleging a threat, intimidation or coercion by any defendant other than Workman, the defendants other than Workman are entitled to dismissal of the state’s Civil Rights Act claims alleging interference with the plaintiffs’ rights under Article XI.
The state civil rights claims against the remaining defendants other than Mr. Workman must be dismissed for a second reason. Communications “made in the ‘institution of or conduct of litigation or in conferences and other communications preliminaiy to litigation’ are subject to absolute privilege.” Frazier v. Baily, supra, 957 F.2d at 932. The defendants’ conduct alleged in the complaint is limited to such communications. (The possible exception is the claims against Sandra Gallindo, which are dismissed on a separate ground). This absolute privilege protects the defendants from claims based on the state Civil Rights Act, negligence and intentional infliction of emotional distress. Frazier, supra; Robert L. Sullivan, D.D.S., P.C. v. *361 Birmingham, 11 Mass.App.Ct. 359, 367-68 (1981). Mr. Workman may also be entitled to the absolute privilege, but this cannot be determined on the face of the complaint.
With respect to the single remaining state civil rights claim against Mr. Workman, an allegation of coercion is in essence the same as an allegation of duress. Mr. Workman is therefore entitled to a more definite statement, alleging with particularity the circumstances constituting coercion. M.R. Civ. P. 9(b) and 12(e). If a more definite amended complaint is filed, Mr. Workman can challenge the sufficiency of the allegations and the evidence to support them by a motion for summary judgment.
V.INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
With respect to the state employee defendants other than Hendrick G. Workman, the complaint does not allege any conduct by the defendants that could reasonably be construed as extreme and outrageous and “beyond all bounds of decency and . .. utterly intolerable in a civilized community." Agis v. Howard Johnson Co., 371 Mass. 140, 145 (1976); Sena v. Commonwealth, 417 Mass. 250, 264 (1994). For this reason, the defendants other than Workman are entitled to a dismissal of the claims against them for intentional infliction of emotional distress.
All of the defendants other than Mr. Workman are also entitled to dismissal of this claim because of the absolute privilege discussed in Part IV above.
VI.MALICIOUS PROSECUTION
The plaintiffs correctly argue that a malicious prosecution claim can be based on the initiation of a civil action with malice and without probable cause. Hubbard v. Beatty & Hyde, Inc., 343 Mass. 258, 260-261 (1961). See Robert L. Sullivan, D.D.S., P.C., supra, 11 Mass.App.Ct. at 367 n. 8.
In the malicious prosecution action, malice and the lack of probable cause are separate elements. Foley v. Polaroid Corp., 400 Mass. 82, 100-01 (1987). To show malice, the burden is on the plaintiff to demonstrate that the defendant knew there was no probable cause for the prosecution and that the defendant acted with an improper motive. Id. Sometimes the lack of probable cause is so obvious that an inference of malice is warranted, but that is not to say that malice or an improper motive is not a separate additional element. Id.
The complaint alleges that the abuse allegation concerning Ruben Suarez, Jr. went forward to court because of the inadequate, faulty and unfair investigation by Donna M. Mahoney. There is no fact allegation that any defendant other than Ms. Mahoney knew of the alleged lack of probable cause. For this reason, the defendants other than Ms. Mahoney are entitled to a dismissal of the malicious prosecution claim.
Although the complaint is bereft of specific facts showing an improper motive, it is adequate to at least allege a claim of malicious prosecution against Donna M. Mahoney. The court cannot determine on the motion to dismiss whether the plaintiffs have any evidence of malice and lack of probable cause.
VII. FALSE IMPRISONMENT
As a matter of law, the allegation that Hendrick G. Workman ordered Mr. Suarez to remain out of the home did not amount to an imprisonment or confinement, even under the broad description of that element in Foley v. Polaroid Corp., 400 Mass 82, 90-91 (1987). All of the defendants are entitled to a dismissal of the false imprisonment claims.
VIII. LOSS OF CONSORTIUM
A loss of consortium claim must be based on “proof of a tortious act that caused the claimant’s spouse [or parent or child] personal injury.” Sena v. Commonwealth, 417 Mass. 250, 264-65 (1994). Similarly, the “spouse of an alleged federal civil rights victim is not permitted an ancillary cause of action for loss of consortium.” Id.
The court is not aware of any authority that would permit loss of consortium damages for the state civil rights claim against Mr. Workman or the malicious prosecution claim against Ms. Mahoney. The loss of consortium claims are dismissed except to the extent that they allege claims for family members’ loss of consortium damages based on intentional infliction of emotional distress by Mr. Workman. Agis v. Howard Johnson Co., 371 Mass. 140, 146-47 (1976).
IX.THE NEGLIGENCE CLAIMS UNDER THE STATE TORT CLAIMS ACT
The Department asserts the discretionary function immunity contained in G.L.c. 258, §10(b). The appropriate standards for applying the discretionaiy function exemption are set forth in Sena v. Commonwealth, 417 Mass. 250, 255-259 (1994). Under Sena, the “decisions of law enforcement officers regarding whether, when, how, and whom to investigate, and whether and when to seek warrants for arrest are based on considerations of, and necessarily affect, public policy.” 417 Mass. at 256. “So long as they are within the bounds of the law, and therefore within the officer’s discretion, they are public policy decisions.” Id.
The essence of the plaintiffs’ complaint in this case is that the defendant Mahoney conducted a “procedurally inadequate, faulty, and unfair investigation” and that the other state employee defendants engaged in some unspecified negligence in the course of the care and protection investigation and proceedings. The functions of the Department employees in this case in deciding “whether, when, how, and whom to investigate" and whether and when to initiate court proceedings are similar in many important respects to the investigation functions of the police officers in Sena. *362 The discretionary function immunity applies as a matter of law to the allegations of negligence by Department employees in this complaint.
The plaintiffs’ summary judgment memorandum contends that the defendants violated Department regulations and that this prevents the application of the discretionary function exemption. They rely on the first paragraph of footnote 5 in Sena. 417 Mass. at 257. As in Sena, however, the court need not address a breach of regulations claim “because the pleadings do not fairly raise it.” Id, fn 5, par. 2. The complaint in this case does not allege a violation of Department regulations. As in Sena, the complaint focuses on the defendants’ alleged negligence in conducting the investigation. Applying the Sena principles to this complaint, the Department is immune from the negligence claim under the discretionary function exemption.
The Department is also entitled to dismissal of the negligence claims based on absolute privilege as discussed in Part IV above.
Finally, the negligence claims by Ruben Suarez, Jr. and Rebecca Suarez must also be dismissed because the plaintiffs did not present a written claim on behalf of Rebecca or Ruben, Jr. as required by G.L.c. 258, §4. The plaintiffs’ summary judgment memorandum concedes that no demand letter was filed on behalf of Ruben Jr. or Rebecca. The case of Gilmore v. Commonwealth, 417 Mass. 718, 721-722 (1994), does not suggest that a plaintiff can rely on the demand letter of another family member where there has been no demand letter identifying the plaintiff as an additional claimant.
X. ORDER
A. All claims against the defendants are dismissed except the following:
1. the state civil rights claim of Ruben Suarez, Sr. against Hendrick G. Workman based on Article XII and G.L.c. 12, §111;
2. the federal civil rights claim of Ruben Suarez, Sr. against Mr. Workman under the Fourteenth Amendment;
3. the claims of Ruben Suarez, Sr., Annette Suarez, Rebecca Suarez, and Ruben Suarez, Jr. against Mr. Workman for intentional infliction of emotional distress;
4. the loss of consortium claims of family members against Mr. Workman to the extent that they are based on intentional infliction of emotional distress upon other family members; and
5. the claims of Ruben Suarez, Sr. and Annette Suarez against Donna M. Mahoney for malicious prosecution.
B. The Federal and state civil rights claims specified in paragraphs A(l) and (2) of this order will be dismissed by the clerk unless the plaintiffs file by January 31, 1991, an amended complaint with a more definite statement of that claim, stating with particularity the procedures used by the defendant Workman and the reasons why those procedures failed to comply with Article XII of the Fourteenth Amendment and amounted to coercion. Leave to file such an amended complaint is granted solely for this purpose.