DEBRA AGIS & another[1] *vs.* HOWARD JOHNSON COMPANY
& another.[2]

Suffolk.    March 3, 1976. — October 1, 1976.

Present: REARDON, QUIRICO, BRAUCHER, & WILKINS, JJ.

*Emotional Distress.   Actionable Tort.   Husband and Wife,* Consortium.

One who, by extreme and outrageous conduct and without privilege,
   causes severe emotional distress to another is subject to liability for
   such emotional distress even though no bodily harm may result.
   [142-146]
A cause of action in tort against an owner and the manager of a res-
   taurant was stated by a complaint alleging that the plaintiff was
   employed as a waitress in the restaurant, that the manager held a
   meeting with the waitresses at which he said that someone was steal-
   ing from the restaurant and until the identity of that person could
   be established he would begin firing all the waitresses in alpha-
   betical order, that the manager then summarily dismissed the plain-
   tiff solely because her name began with the letter "A," that, as a
   result of this act the plaintiff sustained emotional distress, mental
   anguish, and loss of wages, that the defendants' acts were reckless,
   extreme, outrageous, and intended to cause emotional distress and
   anguish, and that the defendants knew or should have known that
   their acts would cause such distress. [144-145]
Where a plaintiff had a cause of action for intentional or reckless in-
   fliction of severe emotional distress, her husband also had a cause
   of action for loss of consortium arising out of that distress. [146-147]

CIVIL ACTION commenced in the Superior Court on June
10, 1975.

The case was heard by *Adams*, J., on a motion to dis-
miss.

The Supreme Judicial Court granted a request for direct
appellate review.

[1] James Agis.

[2] Roger Dionne.

*Dante G. Mummolo* for the plaintiffs.

*John P. Ryan* (*John C. Lacy* with him) for the defendants.

QUIRICO, J. This case raises the issue, expressly reserved in *George* v. *Jordan Marsh Co.*, 359 Mass. 244, 255 (1971), whether a cause of action exists in this Commonwealth for the intentional or reckless infliction of severe emotional distress without resulting bodily injury. Counts 1 and 2 of this action were brought by the plaintiff Debra Agis against the Howard Johnson Company and Roger Dionne, manager of the restaurant in which she was employed, to recover damages for mental anguish and emotional distress allegedly caused by her summary dismissal from such employment. Counts 3 and 4 were brought by her husband, James Agis, against both defendants for loss of the services, love, affection and companionship of his wife. This case is before us on the plaintiffs' appeal from the dismissal of their complaint.

Briefly, the allegations in the plaintiffs' complaint, which we accept as true for purposes of ruling on this motion, *Hub Theatres, Inc.* v. *Massachusetts Port Authority*, 370 Mass. 153, 154 (1976), are the following. Debra Agis was employed by the Howard Johnson Company as a waitress in a restaurant known as the Ground Round. On or about May 23, 1975, the defendant Dionne notified all waitresses that a meeting would be held at 3 P.M. that day. At the meeting, he informed the waitresses that "there was some stealing going on," but that the identity of the person or persons responsible was not known, and that, until the person or persons responsible were discovered, he would begin firing all the present waitresses in alphabetical order, starting with the letter "A." Dionne then fired Debra Agis.

The complaint alleges that, as a result of this incident, Mrs. Agis became greatly upset, began to cry, sustained emotional distress, mental anguish, and loss of wages and earnings. It further alleges that the actions of the defendants were reckless, extreme, outrageous and intended to cause emotional distress and anguish. In addition, the com-

plaint states that the defendants knew or should have known that their actions would cause such distress.

The defendants moved to dismiss the complaint pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), on the ground that, even if true, the plaintiffs' allegations fail to state a claim on which relief can be granted because damages for emotional distress are not compensable absent resulting physical injury. The judge allowed the motion, and the plaintiffs appealed.

1. Our discussion of whether a cause of action exists for the intentional or reckless infliction of severe emotional distress without resulting bodily injury starts with our decision in *George* v. *Jordan Marsh Co.,* 359 Mass. 244 (1971). While in that case we found it unnecessary to address the precise question raised here, we did summarize the history of actions for emotional distress and concluded that the law of the Commonwealth should be, and is, "that one who, without a privilege to do so, by extreme and outrageous conduct intentionally causes severe emotional distress to another, *with bodily harm resulting* from such distress, is subject to liability ... (emphasis supplied). 359 Mass. at 255. The question whether such liability should be extended to cases in which there is no resulting bodily injury was "left until it arises," *ibid.,* and that question has arisen here.

In the *George* case, we discussed in depth the policy considerations underlying the recognition of a cause of action for intentional infliction of severe emotional distress with resulting physical injury, and we concluded that the difficulties presented in allowing such an action were outweighed by the unfair and illogical consequences of the denial of recognition of such an independent tort. In so doing, we examined the persuasive authority then recognizing such a cause of action, and we placed considerable reliance on the Restatement (Second) of Torts § 46 (1965). Our examination of the policies underlying the extension of that cause of action to cases where there has been no bodily injury, and our review of the judicial prece-

dent and the Restatement in this regard,[3] lead us to conclude that such extension is both warranted and desirable. See *Baldassari* v. *Public Fin. Trust*, 369 Mass. 33, 34-35, 38-39 (1975).

The most often cited argument for refusing to extend the cause of action for intentional or reckless infliction of emotional distress to cases where there has been no physical injury is the difficulty of proof and the danger of fraudulent or frivolous claims. There has been a concern that "mental anguish, standing alone, is too subtle and speculative to be measured by any known legal standard," that "mental anguish and its consequences are so intangible and peculiar and vary so much with the individual that they cannot reasonably be anticipated," that a wide door might "be opened not only to fictitious claims but to litigation over trivialities and mere bad manners as well," and that there can be no objective measurement of the extent or the existence of emotional distress. *Harned* v. *E-Z Fin. Co.*, 151 Tex. 641, 649 (1953). There is a fear that "[i]t is easy to assert a claim of mental anguish and very hard to disprove it." *Id.* at 650, citing *Gardner* v. *Cumberland Tel. Co.*, 207 Ky. 249, 254 (1925). See *Bartow* v. *Smith*, 149 Ohio St. 301 (1948); *Hetrick* v. *Willis*, 439 S.W.2d 942 (Ky. 1969). See also Magruder, Mental and Emotional Disturbance in the Law of Torts, 49 Harv. L. Rev. 1033 (1936); W. Prosser, Torts § 12 (4th ed. 1971).

While we are not unconcerned with these problems, we believe that "the problems presented are not ... insuperable" and that "administrative difficulties do not justify the denial of relief for serious invasions of mental and emotional tranquility ...." *State Rubbish Collectors Ass'n* v. *Siliznoff*, 38 Cal. 2d 330, 338-339 (1952). "That some claims may be spurious should not compel those who

---

[3] Most courts today recognize a cause of action for intentionally or recklessly causing severe emotional distress by extreme and outrageous conduct. *Womack* v. *Eldridge,* 215 Va. 338, 341 n.1 (1974). See Annot., 64 A.L.R.2d 100, § 8, at 120 (1959), and cases cited. See also Restatement (Second) of Torts § 46, comment b (1965).

administer justice to shut their eyes to serious wrongs and let them go without being brought to account. It is the function of courts and juries to determine whether claims are valid or false. This responsibility should not be shunned merely because the task may be difficult to perform." *Samms* v. *Eccles,* 11 Utah 2d 289, 293 (1961). See *George* v. *Jordan Marsh Co.,* 359 Mass. 244, 251 (1971). See also *Sorensen* v. *Sorensen,* 369 Mass. 350, 364-365 (1975).

Furthermore, the distinction between the difficulty which juries may encounter in determining liability and assessing damages where no physical injury occurs and their performance of that same task where there has been resulting physical harm may be greatly overstated. "The jury is ordinarily in a better position ... to determine whether outrageous conduct results in mental distress than whether . that distress in turn results in physical injury. From their own experience jurors are aware of the extent and character of the disagreeable emotions that may result from the defendant's conduct, but a difficult medical question is presented when it must be determined if emotional distress resulted in physical injury. ... Greater proof that mental suffering occurred is found in the defendant's conduct designed to bring it about than in physical injury that may or may not have resulted therefrom." *State Rubbish Collectors Ass'n* v. *Siliznoff, supra* at 338. We are thus unwilling to deny the existence of this cause of action merely because there may be difficulties of proof. Instead, we believe "the door to recovery should be opened but narrowly and with due caution." *Barnett* v. *Collection Serv. Co.,* 214 Iowa 1303, 1312 (1932).

In light of what we have said, we hold that one who, by extreme and outrageous conduct and without privilege, causes severe emotional distress to another is subject to liability for such emotional distress even though no bodily harm may result. However, in order for a plaintiff to prevail in a case for liability under this tort, four elements must be established. It must be shown (1) that the actor intended to inflict emotional distress or that he knew or

should have known that emotional distress was the likely result of his conduct, Restatement (Second) of Torts § 46, comment i (1965); *Savage* v. *Boies,* 77 Ariz. 355 (1954); *Samms* v. *Eccles,* 11 Utah 2d 289, 293 (1961); (2) that the conduct was "extreme and outrageous," was "beyond all possible bounds of decency" and was "utterly intolerable in a civilized community," Restatement (Second) of Torts § 46, comment d (1965); *George* v. *Jordan Marsh Co.,* 359 Mass. 244, 254-255 (1971); (3) that the actions of the defendant were the cause of the plaintiff's distress, *Spackman* v. *Good,* 245 Cal. App. 2d 518 (1966); *Womack* v. *Eldridge,* 215 Va. 338, 341 (1974); and (4) that the emotional distress sustained by the plaintiff was "severe" and of a nature "that no reasonable man could be expected to endure it." Restatement (Second) of Torts § 46, comment j (1965); *Womack* v. *Eldridge, supra.* These requirements are "aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and mere hurt feelings are involved," *Womack* v. *Eldridge, supra* at 342, and we believe they are a "realistic safeguard against false claims . . . ." *Samms* v. *Eccles, supra.*

Testing the plaintiff Debra Agis's complaint by the rules stated above, we hold that she makes out a cause of action and that her complaint is therefore legally sufficient. While many of her allegations are not particularly well stated, we believe that the "[p]laintiff has alleged facts and circumstances which reasonably could lead the trier of fact to conclude that defendant's conduct was extreme and outrageous, having a severe and traumatic effect upon plaintiff's emotional tranquility." *Alcorn* v. *Anbro Eng'r, Inc.,* 2 Cal. 3d 493, 498 (1970). Because reasonable men could differ on these issues,[4] we believe that "it is for the jury, subject to the control of the court," to determine whether there should be liability in this case. Restatement

---

[4] Compare *Golden* v. *Dungan,* 20 Cal. App. 3d 295 (1971), and *Alcorn* v. *Anbro Eng'r, Inc.,* 2 Cal. 3d 493 (1970), with *Cornblith* v. *First Maintenance Supply Co.,* 268 Cal. App. 2d 564 (1968), *Agostini* v. *Strycula,* 231 Cal. App. 2d 804 (1965), and *Perati* v. *Atkinson,* 213 Cal. App. 2d 472 (1963).

(Second) of Torts § 46, comment h (1965). *Womack* v. *Eldridge,* 215 Va. 338, 342 (1974). While the judge was not in error in dismissing the complaint under the then state of the law, we believe that, in light of what we have said, the judgment must be reversed and the plaintiff Debra Agis must be given an opportunity to prove the allegations which she has made.

2. Counts 3 and 4 of the complaint are brought by James Agis seeking relief for loss of consortium as a result of the mental distress and anguish suffered by his wife Debra. There is no question that an action for loss of consortium by either spouse may be maintained in this Commonwealth where such loss is shown to arise from personal injury to one spouse caused by the negligence of a third person. *Diaz* v. *Eli Lilly & Co.,* 364 Mass. 153, 167-168 (1973). The question before us is whether an action for loss of consortium may be maintained where the acts complained of are intentional, and where the injuries to the spouse are emotional rather than physical.

Traditionally, where the right to sue for loss of consortium has been recognized, intentional invasions of the marriage relationship such as alienation of affections or adultery have been held to give rise to this cause of action. *Diaz* v. *Eli Lilly & Co., supra* at 158-160, and cases cited. We see no reason not to apply the same rule to the tort of intentional or reckless infliction of severe emotional distress. Similarly, the fact that there is no physical injury should not bar the plaintiff's claim. In the *Diaz* case, we hinted that "psychological injury" could provide the basis for a consortium action. 364 Mass. at 160. In addition, the underlying purpose of such action is to compensate for the loss of the companionship, affection and sexual enjoyment of one's spouse, and it is clear that these can be lost as a result of psychological or emotional injury as well as from actual physical harm. Cf. *Garrison* v. *Sun Printing & Publishing Ass'n,* 207 N.Y. 1, 10 (1912). Accordingly, we hold that, where a person has a cause of action for intentional or reckless infliction of severe emotional distress, his or

her spouse also has a cause of action for loss of consortium arising out of that distress.

3. The judgment entered in the Superior Court dismissing the plaintiffs' complaint is reversed.

*So ordered.*