November 1, 1993

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 93-1490

CARMEN FORCUCCI and THERESA FORCUCCI,

Plaintiffs, Appellants,

v.

UNITED STATES FIDELITY AND GUARANTY COMPANY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. A. David Mazzone, U.S. District Judge]

Before

Stahl, Circuit Judge,

Aldrich and Campbell, Senior Circuit Judges.

Mark D. Shuman for appellants.

Alice Olsen Mann with whom Ralph C. Sullivan and Morrison,

Mahoney & Miller were on brief for appellee.

ALDRICH, Senior Circuit Judge. The district

court's allowance of defendant's Fed. R. Civ. P. 56(c)

summary judgment motions, adopting a magistrate's

recommendation, raises questions of opinion, the law as well

as the basic facts being undisputed. Did defendant, an

insurer on a standard automobile policy providing coverage in

case of injury by a party who was uninsured or underinsured

("UIM coverage"), act fairly, reasonably, promptly, with

respect to a claim? Mass. G.L. c. 93A, 9 and c. 176D,

3(9). (Counts I and II). Was its conduct "extreme and

outrageous . . . utterly intolerable"? Agis v. Howard

Johnson, 371 Mass. 140, 145, 355 N.E.2d 315, 319 (1976)

(quoting Restatement). (Counts III and IV). Counts III and

IV's allegations are themselves extreme, and are so fully

answered by the magistrate judge as confirmed by the district

court and by what we say, incidentally, hereafter, that we

will give them no further specific attention. The other

claims are more difficult, as are often questions of judgment

when summary disposition is sought. Cf. Wallace v. Shade

Tobacco Growers Agric. Ass'n., Inc., 642 F.2d 17, 19-20 (1st

Cir. 1981). At the same time, although our review is de

novo, Rivera-Marcano v. Normeat Royal Dane Quality A/S, 998

F.2d 34, 37 (1st Cir. 1993), we may be slow to reverse a

magistrate's careful conclusions, thoughtfully reviewed. In

-2-

this case we almost entirely agree with what has been said

below and we affirm.

First, some dates. On November 11, 1988 Cesare

Forcucci, son of plaintiffs Carmen and Theresa Forcucci, was

injured in a single vehicle accident, dying the next day.

There was at first a question whether he, or one Darin

Goodwin, was driving. On April 26, 1989, plaintiffs' counsel

notified defendant of the accident, and requested the full

medical coverage of $10,000, due regardless of who was

driving. Nothing was said about UIM. On June 1 counsel

wrote with respect to UIM that Goodwin's $100,000 coverage

with Travelers was insufficient. Defendant paid the medical.

In late September Travelers, evidently conceding that Goodwin

had been the driver, offered the full $100,000 under its

policy, and thereafter paid it. On November 9 plaintiffs'

counsel wrote defendant that Goodwin had been convicted on

October 5 of motor vehicle homicide, thus resolving the UIM

issue, and repeated his demand for defendant's full UIM

$100,000. Included was a handwritten Victim Impact Statement

that Theresa Forcucci had submitted to the criminal court

prior to Goodwin's sentencing, describing the effects upon

her of her son's loss.

On November 28, having received no response,

plaintiffs' counsel, by fax, asked defendant why it did not

respond. On December 4, having received no reply, counsel

-3-

telephoned defendant and was told that it was awaiting

completion of its investigation into the possibility of

plaintiffs making a claim against the nightclub that had

supplied Goodwin with alcoholic beverages. Asked why this

was relevant, defendant's claim representative could give no

answer. On December 5 plaintiffs mailed a demand letter for

unfair settlement practices pursuant to G.L. c. 93A, 9(3).

This extensive letter referred, inter alia, to a recent

Massachusetts case, Bertassi v. Allstate Ins. Co., 402 Mass.

366, 522 N.E.2d 949 (1988), that held that an insurer's

investigation of possible dram shop liability was no excuse

for delay. The certified receipt shows that this letter was

received on December 11. Defendant replied by fax on January

11, 1990, offering $25,000 in full settlement. On January 18

counsel replied by certified mail that $25,000 was grossly

inadequate and stating that plaintiffs were instituting

arbitration proceedings forthwith pursuant to the policy

provisions.

Plaintiffs' first claim is that defendant's offer

was not "prompt," one of the four objections to the

magistrate's report, because it was made 31 days from the

date of its receipt of plaintiffs' December 5 letter, rather

than within 30. Thirty days is a statutory period relating

to a defendant's opportunity to receive Ch. 93A protection,

Mass. G.L. c. 93A, 9(3), not to the statutory requirement

-4-

of a reasonably prompt response. Mass. G.L. c. 176D, 3(9).

Especially with the holiday season interference we accept the

magistrate's conclusion that 31 days was reasonably prompt as

matter of law.1

The more serious question is whether $25,000 was a

reasonable offer. The magistrate found it was on the low

side, but reasonable as matter of law. In agreeing with him

we stress two factors; one, perhaps more than he did, and one

that he did not stress at all. Negotiating a settlement,

particularly when the damages are unliquidated, is, to an

extent, a legitimate bargaining process. The statute does

not call for defendant's final offer, but only one within the

scope of reasonableness. Experienced negotiators do not make

their final offer first off, and experienced negotiators do

not expect it, or take seriously a representation that it is.

Indeed, plaintiffs say as much in now intimating that their

own $100,000 policy limits offer was not final in spite of

the fact that, in several talks, they refused to reduce it.

The reasonableness of a defendant's response is to

be considered in the light of the situation as a whole, one

aspect of which was the size of plaintiffs' demand.

1. We further ask, if plaintiffs consider 30 days
appropriate, may not a fax on the 31st day be equivalent to a
letter mailed on the 30th?

-5-

Plaintiffs' demand was very high.2 Ordinary give and take

would suggest that both would and should move. Defendant was

not ever given that opportunity, even when it traded against

itself, as shown in the magistrate's report. As to

defendant's alleged bad faith, this is not a case like Whyte

v. Connecticut Mutual Life Ins. Co., 818 F.2d 1005 (1st Cir.

1987).

We have only one problem, the last minute

expression of defendant's legal department's fear that

$100,000 would be a likely outcome. How over-large that

opinion might be is indicated by the arbitrator's finding.

See n.2, ante. This brings us to Theresa Forcucci's

extensive victim impact statement, submitted in support of

her claim herein. With the greatest respect for a bereaved

mother who has suffered a great tragedy, a jury's response is

not necessarily predictable. Defendant's legal department's

belief that a jury might give it great weight did not destroy

the reasonableness of the claim department's opinion that it

might not. Two different views could both be reasonable.

Apprehensions did not make the lower offer unreasonable,

particularly where, in dollars, that offer was the nearer to

the arbitrator's finding.

2. In saying this we may look at the arbitrator's finding of
$55,000. Plaintiffs' complaint of the magistrate's giving
weight hereto overlooks that the statute expressly permits
it. Mass. G.L. c. 176D, 3(9)(8)G. Their contention that
he accepted it out of hand is incorrect.

-6-

We accept the magistrate's recommendation in

substance, and affirm the district court.

-7-