Zobel, J.
This action concerns alleged defamatory statements appearing in Perspectives in Biology and Medicine (“the journal”), a publication of The University of Chicago Press. Plaintiffs complaint contains related claims for infliction of emotional distress and invasion of privacy. Defendants now move for summaiy judgment on all counts.
The material undisputed facts are undisputed: Defendant Lanza published a short essay in the journal’s winter 1994 issue offering a personal perspective on B.F. Skinner, the distinguished behavioral psychologist, for whom Lanza had briefly worked twenty years ago. The essay focuses on Skinner’s association with Plaintiff Epstein, a former graduate student whose tutelage under Skinner coincided with Lanza’s.
Details aside, the essay could be read as not portraying Plaintiff in a favorable light. At this stage, however, the issue of defamation is not significant. Rather, the question is the applicability vel non of certain defenses.
Besides truth, which in any event is indeterminable on the record here, Defendants advance two arguments: (1) the essay is an opinion piece and therefore not actionable as defamation; and (2) Plaintiff, a public figure, has made no showing of actual malice, thus ineluctably frustrating the defamation claim.
As to the former contention, an expression of opinion based on disclosed or assumed facts is not actionable, no matter how unjustified, unreasonable, or unflattering the opinion, Lyons v. Globe Newspaper Co., 415 Mass. 258, 262 (1993). Here, Lanza’s essay, entitled “Humpty Dumpty,” is unquestionably an opinion based on his observations of, and conversations with, Skinner and Epstein. Nothing suggests factual reportage. Lanza discloses his opinion and its basis at the beginning of the essay; indeed, Plaintiff concedes that the “article is simply a nonscholarly reminiscence of Lanza’s views about Epstein and his relationship with Skinner ...” In short, Lanza’s opinion of Plaintiff, however caustic, does not merit Plaintiff any judicial balm.
Plaintiff is an acclaimed professor who has published 80 papers and five books; taught the general public about advances in behavioral sciences through articles in such popular periodicals as Reader’s Digest and Parenting-, made headlines around the world each year as a result of an artificial intelligence contest he originated; founded the Cambridge Center for Behavioral Studies; and completed the lyrics and music to nearly 50 popular songs. All-purpose public figure status seems entirely appropriate, even though Plaintiff does not belong to that class of individuals who occupy positions of persuasive power and play a role of special prominence in the affairs of society.
At a minimum, Plaintiff clearly qualifies as a limited purpose public figure, having thrust himself into the vortex of the behavioral science discussion in an attempt to influence its outcome, Lyons v. New Mass Media, Inc., 390 Mass. 51, 55 (1983). Thus, Plaintiff can prevail only if he demonstrates Defendants’ actual malice, i.e., publication of a defamatory communication with: (a) knowledge of its falsify; or (b) reckless disregard for whether it was false or not, McAvoy v. Shufrin, 401 Mass. 593, 598 (1988).
Here, although Plaintiffs complaint alleges actual malice, nothing in the present record contains specific facts supporting a reasonable inference of actual malice. To the contrary, Defendants’ affidavits and exhibits establish the absence of the prerequisite malice. Mere allegations cannot vivify a bare claim of defamation, Godbout v. Cousens, 396 Mass. 254, 261-62 (1985).
Plaintiffs claims for invasion of privacy and infliction of emotional distress are similarly doomed. The Lanza essay reveals nothing of a “highly personal or intimate nature,” Bratt v. International Business Machines Corp., 392 Mass. 508, 518 (1984). Plaintiff has merely recast the defamation claim to allege an attack on his privacy. Thus he cannot recover without showing actual malice.
The same is true as to the allegations that Defendants (or any of them) inflicted emotional distress on Plaintiff. One cannot reasonably characterize any statement in the Lanza essay as “extreme or outra *746 geous," within the definition established by Agis v. Howard Johnson, 371 Mass. 140, 144 (1976). Again, absent actual malice, Plaintiff cannot pierce the First Amendment’s shield.
ORDER
Accordingly, it is Ordered, that Defendants’ Motion for Summaiy Judgment be, and the same hereby is, Allowed: and it is Further Ordered, that Judgment enter for Defendants:
Complaint Dismissed, with prejudice.