van Gestel, J.
This matter is before the Court on the motion of the defendant, Kemper Risk Management Services (“Kemper”), seeking summary judgment on the plaintiffs G.L.c. 93A/ 176D claims and his claim for emotional distress. These claims are set out in Counts II, III and IV of the complaint.[1] For the reasons set forth below, Kemper’s motion is ALLOWED.
BACKGROUND
On July 18, 1994, the plaintiff, Steven K. Kurker (“Kurker”), claims to have slipped and injured himself while a customer at Wendy’s at 349 Washington Street in Boston. The offending substance was a cooked potato, apparently dropped by another customer ahead of Kur-ker. Although Kurker did not fall to the floor — or even spill the food on his own tray — he claims to have twisted, wrenched and injured his lower back in the incident.
Kemper was the liability insurer for Wendy’s at the time of Kurker’s accident. In that capacity, Kemper received and refused to settle demands for relief from Kurker’s counsel. It is this action by Kemper that Kurker claims to constitute an unfair claims settlement practice under G.L.c. 176D (Count II), intentional infliction of emotional distress (Count III) and unfair and deceptive practices under G.L.c. 93A (Count IV).
On March 5, 1996, Kemper’s motion to stay Kurker’s claims against it pending the outcome of the underlying claim against Wendy’s was allowed by Judge Graham.
Kurker’s negligence claim (Count I) against Wendy’s was tried to a jury and this Court from June 2 through June 4, 1999. The jury returned a verdict in favor of the defendant, Wendy’s, answering special questions to the effect that Wendy’s was not negligent. This Court then, on June 7, 1999, entered judgment in favor of Wendy’s. Kurker’s post trial motions challenging the judgment in favor of Wendy’s have been heard and denied.
As noted above, the factual underpinnings of each of the three claims against Kemper relate to its failure to make any settlement offer to Kurker and Kemper’s rejection of settlement proposals made on Kurker’s behalf.
DISCUSSION
Where an insurer, like Kemper here, takes a correct legal position it cannot be said to be in violation of G.L.c. 93A or c. 176D. The jury verdict and judgment entered thereon in favor of Wendy’s confirms that Kemper correctly interpreted its policy. Lumbermens Mutual Ins. Co. v. Offices Unlimited, Inc., 419 Mass. 462, 468 (1995). See also Employers Ins. of Wasau v. Georgre, 44 Mass.App.Ct. 719, 729-30 (1996).
Kurker’s contention that a pretrial investigative interview of a Wendy’s employee — Yara DePina — made Wendy’s liability reasonably clear is without merit. The key exchange in the DePina interview reads:
Q. Okay. Could you explain to me what you know about the accident?
A. Well, the potato fell on the floor and the lady went back to go try to clean it up and the guy walked over it. He slipped but he didn’t fall and he kept walking away and then he was talking to some other customer. He walked away fine and then he came back and got our names and everything.
Q. Okay. And how long was the potato on the floor before he fell or slipped on it?
A. Uhm, about less than a minute. He was just walking by at the same time.
Q So she had just dropped the potato?
A. Yup.
Q. Okay. Was there anything else on the floor?
A. Nope. Just... it was just a piece of potato because the lady, some girl already picked up half of it.
Q. An employee?
A. Yes, an employee.
Q Do you know what that employee’s name was?
A. Uhm, I’m not sure. I don’t remember.
The foregoing indicates, at best, that the potato was on the floor for “less than a minute” before Kurker slipped on it. It is hardly clear that Wendy’s employees had an adequate opportunity to discover and totally remove the potato or to warn Kurker about it. See Oliveri v. MBTA, 363 Mass. 165, 167-68 (1973); Deagle v. Great Atl. & Pac. Tea Co., 343 Mass. 263, 264 (1961). The situation presented a jury question, but it did not signal that Wendy’s liability was reasonably clear for purposes of requiring Kemper to offer to settle the case. While Kemper may be said to have been at some risk knowing of the interview with DePina, the jury’s verdict and this Court’s judgment thereon removed any possibility of liability under c. 93A or c. 176D.
Summary judgment in favor of Kemper is appropriate on Counts II and IV.
Kurker, in his opposition to Kemper’s motion, makes no particular argument on the emotional distress claim. He seems to have abandoned it.
*727 There is, in any event, nothing in the record demonstrating that Kemper “by extreme and outrageous conduct, without privilege, [caused Kurker] severe emotional distress.” Agis v. Howard Johnson’s, 371 Mass. 140, 144 (1976). A claims adjuster’s refusal to offer a pre-trial settlement of a slip and fall case of the kind presented here can hardly be characterized as conduct that was extreme and outrageous, beyond all possible bounds of decency and was utterly intolerable in a civilized community. Id. at 145.
“[N]o reasonable jury could conclude that [Kemper] engaged in conduct that would satisfy the elements necessary [for Kurker] to prevail on a claim of emotional distress.” Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 466 (1997). Consequently, summary judgment for Kemper on Count III is appropriate.
ORDER
For the reasons stated above, summary judgment in favor of Kemper Risk Management Services shall enter on Counts II, ni and IV.

 Count I was directed against the other defendant, Wendy’s Old Fashioned Hamburgers of New York, Inc. (“Wendy's”) and was resolved by a jury trial in June 1999, with a judgment being entered for Wendy's on June 7, 1999.