Sanders, J.
Before the Court are various Motions in Limine brought by the defendants, all turning on the issue of whether the plaintiffs have a compensable claim for emotional distress damages in this legal malpractice action. Although another judge of this Court had denied defendants’ Motion for Summary Judgment (stating in a margin note that there were issues of fact), this Court concludes that revisiting this issue on the eve of trial is appropriate. In considering these Motions, this Court heard extensive oral arguments from counsel which summarized the evidence that plaintiffs expected to present on these claims. After reviewing the case law as well as the depositions of both plaintiffs, I conclude that the Motions in Limine must be Allowed, for the following reasons.
FACTUAL BACKGROUND
I assume the following factual allegations to be true for purposes of this ruling:
1) Plaintiffs retained the defendants in 1992 to represent them in a bankruptcy filing.
2) Defendants were negligent in the handling of that bankruptcy. More specifically, they:
a) misrepresented their experience and expertise in such matters;
b) they erroneously advised the plaintiffs that they could not sell their house for three years until after the completion of the bankruptcy;
c) they failed to get certain liens discharged in the course of that bankruptcy — liens which could have and should have been discharged if the defendants had acted in accordance with the standards of care applicable to their profession.
3) As a result of this negligence, plaintiffs did not sell their home for three years. The Court assumes for purposes of these Motions that this resulted in some economic loss to plaintiffs. Short of money, plaintiffs fell behind during this period on their mortgage payments, causing them to fear foreclosure. There was no foreclosure action instituted, however.
4) When the plaintiffs did put their house on the market after the three-year period, they discovered for the first time that there were liens against their house such that the sale could not go through. In his deposition, Mr. lacono described these liens as an “arm long list" and testified that, when he saw the list, “that’s when I began to sweat.” According to plaintiffs’ counsel, the liens were initially believed to be as high as $100,000. Within a few weeks, however, the plaintiffs were able to reduce the liens to $4,750, which they paid.
5) As a result of the undischarged liens and the need to arrange for their payment, the plaintiffs’ anticipated purchase of a new home was delayed by two to three weeks and they were forced to live in a motel. This move has been identified by a medical professional (whom plaintiffs intended to call as a witness at trial) as the event which triggered a major depression in Mrs. lacono. The motel stay also caused some anxiety for Mr. lacono, who felt like he had “failed my family.” *682 Mrs. Iacono sought medical treatment for her depression. Mr. Iacono did not seek any medical treatment.
The Complaint alleges legal malpractice (that is, negligence by the defendants) and a 93A claim. The Court has bifurcated the 93A claim from the common-law claim. Thus, the issue before the Court is whether the plaintiffs may present evidence as to the emotional distress losses they claim in connection with their negligence claim. There is no claim in the complaint alleging intentional misrepresentation except insofar as that can be asserted in support of the 93A claim, which is not to be presented to the jury.
DISCUSSION
Massachusetts courts are reluctant to award damages for emotional distress which is not related to or accompanied by some physical injury. The concern is that such claims are too easily fabricated, and that, even if sincerely made, can be difficult for a jury to value, resulting in awards founded more on speculation than on real evidence.
Accordingly, Massachusetts courts have imposed certain requirements on plaintiffs seeking to recover such damages. Thus, recovery for emotional distress absent any physical harm requires proof that the defendant’s conduct was extreme and outrageous, and was either intentional or reckless. See e.g. Agis v. Howard Johnson Co., 371 Mass. 140 (1976). With respect to the claim of negligent infliction of emotional distress, courts require that the emotional distress have some physical manifestation such that the existence of the emotional injury can be verified by objective evidence. Payton v. Abbott Labs, 386 Mass. 540, 555 (1982); see also Sullivan v. Boston Gas Co., 414 Mass. 129, 137 (1993).
Where the negligence alleged is by a lawyer, recovery for emotional distress damages has been recognized in Massachusetts only in that narrow class of cases where the alleged malpractice resulted in a loss of liberty. See e.g. Wagenmann v. Adams, 829 F.2d 196 (1st Cir. 1987) (where the attorney’s malpractice resulted in his client’s civil commitment to a mental hospital). See also Massachusetts Superior Court Civil Practice Jury Instructions, §18.7.2. This Courtis aware of no case where emotional distress damages were held to be an element of compensable damages in a legal malpractice action involving only property rights.
Refusing to recognize a viable claim for emotional distress damages in a legal malpractice action absent some special facts or circumstances makes sense in light of the general requirement that a plaintiff in a negligence action can recover only those damages which are reasonably foreseeable. Generally, the only foreseeable impact on the plaintiff from an attorney’s wrongdoing is an economic loss. Wehringer v. Powers & Hall, 874 F.Sup. 425, 429 (D.Mass. 1995). Only in exceptional circumstances (like a client’s loss of liberty) will emotional distress damages have a sufficient casual connection to attorney malpractice so as to be an element of a plaintiffs recovery.
Where the attorney is hired in a civil matter, solely for the purpose of alleviating a client’s financial difficulties, the only foreseeable result of negligence on the attorney’s part is economic loss. That anxiety, mental anguish, and even depression by a client who received bad legal advice may be a consequence of that loss does not mean that such emotional distress could have been reasonably foreseeable by the attorney hired for the limited purpose of assisting the client in his financial affairs.
Although the question of whether certain damages are reasonably foreseeable is generally a question of fact, there are cases where the connection between the wrongdoing and the loss which is claimed is simply too remote. Such is the case here. The causal connection between what the defendants did nor did not do in a bankruptcy action in 1992 and 1993 and the emotional distress claimed by the plaintiffs years later (primarily as a result of having to spend three weeks in a hotel) is too attenuated to raise an issue for the trier of fact. Stated another way, the defendants could not have foreseen that, as result of their negligence, plaintiffs would suffer the emotional distress for which they seek compensation.
With respect to Mr. Iacono in particular, his claims of emotional distress are too amorphous to meet the requirements of Payton v. Abbot Labs, supra, and its progeny. Humiliation, embarrassment, and a sense that he had “failed my family” (which is what Mr. Iacono testified to in his deposition) are simply not enough to provide the objective corroboration necessary for the recovery of emotional distress damages in connection with a claim of negligence. See Tomaiolo v. Labovitz, 2001 Mass.Super. Lexis 634. To hold that the general anxiety occasioned by financial difficulties is sufficient so support recovery for emotional distress would mean that, in every legal malpractice action, emotional distress damages would be an element of recovery.
With respect to Ms. Iacono, it is clear (based on the report of her treating psychiatrist) that the triggering event for her depression was the hotel stay. There is simply no way that the defendants could have reasonably foreseen that their acts and omissions in the course of a bankruptcy three years before would cause difficulty in scheduling the plaintiffs’ closing on their house and the date in which they could move into their new house, thus resulting in their having to stay in a hotel for a few weeks.
Because neither plaintiff has a viable claim for emotional distress damages, it necessarily follows that neither may seek damages for loss of consortium. A claim for lost consortium arises only when one’s spouse suffers some personal injury as a result of the negligence of a third person. Diaz v. Eli Lilly & Co., 364 Mass. 153 (1973). Withneither plaintiff suffering com- *683 pensable personal injury, their loss of consortium claims fail as a matter of law. See Sena v. Commonwealth, 417 Mass. 250, 264 (1994).
CONCLUSION AND ORDER
For all the foregoing reasons, the defendants’ Motion in Limine to Preclude Reference to or Evidence of Emotional Distress Allegedly Suffered by Plaintiffs in the jury trial of their common-law claim for legal malpractice is hereby ALLOWED. The Motion in Limine to Preclude Reference to or Evidence Concerning Alleged Loss of Consortium Claims of the Plaintiffs is also ALLOWED.
This Court does not at this point make any determination as to whether emotional distress damages can be recovered in connection with the 93A claim, which will be tried to the Court following the juiy trial.