NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-358

S. DOE[1]

vs.

AARON JONCAS, METCO DIRECTOR OF CONCORD & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On December 19, 2022, final judgment entered against plaintiff S. Doe[3] after a Superior Court judge allowed a motion to dismiss the last of S. Doe's seven claims in her May 26, 2017 complaint. S. Doe then filed a notice of appeal on behalf of herself and her disabled minor son, A. Doe. In an unpublished

---

[1] "S. Doe" is a pseudonym that the plaintiff assigned to herself in the complaint.

[2] Jessica Murphy, director of special education in the Concord Public Schools; and Diana Frost Rigby, former superintendent of the Concord Public Schools. S. Doe brought claims against each defendant in their individual and official capacities. During the pendency of the Superior Court action, Rigby's successor, Laurie Hunter, was substituted for Rigby to the extent S. Doe brought claims against Rigby in her official capacity. See Mass. R. Civ. P. 25 (d), 365 Mass. 771 (1974).

[3] S. Doe is a self-represented non-attorney litigant.

decision, another panel of this court affirmed the allowance of a motion to strike S. Doe's child from the appeal. <u>S. Doe</u> v. <u>Aaron Joncas, METCO Dir. of Concord</u>, 105 Mass. App. Ct. 1107 (2024). In this appeal, S. Doe challenges (1) the allowance of the motion to dismiss three of her claims for failure to exhaust administrative remedies, (2) the denial of her motion to amend her complaint to add claims for libel and slander, and (3) the allowance of a motion to dismiss her intentional infliction of emotional distress (IIED) claim for failure to comply with a motion to compel discovery.[4] We affirm.

<u>Background</u>. We summarize only so much of the extensive procedural history and factual background as is necessary to provide context for our discussion on the issues presented on appeal. On May 26, 2017, plaintiff, S. Doe, filed a complaint on behalf of herself and her son, A. Doe, against employees of

---

[4] The plaintiff also challenges the denial of her motion to "set aside void order and judgment" because the appointment of A. Doe's guardian ad litem violated her and A. Doe's due process rights. As the judge who initially ruled on the motion to appoint a guardian ad litem noted, S. Doe, who is appearing pro se, could not represent the interests of her minor child. See G. L. c. 221, § 46A ("No individual, other than a member, in good standing, of the bar of this commonwealth shall practice law"). She therefore lacks standing to appeal the denial of the motion. See <u>Corbett</u> v. <u>Related Cos. Northeast, Inc</u>., 424 Mass. 714, 718 (1997) ("As a general rule, only parties to a lawsuit, or those who properly become parties, may appeal from an adverse judgment"). A. Doe has not appealed and, as another panel of this court concluded, S. Doe does not have the authority to appeal on A. Doe's behalf. <u>S. Doe</u>, 105 Mass. App. Ct. 1107.

the Concord Public Schools and the Metropolitan Council for Educational Opportunity (METCO) (collectively, defendants).[5] The complaint alleged that the defendants discriminated against A. Doe based on his disability and his race and thereby inflicted emotional distress on him.[6]

On October 22, 2018, another Superior Court judge allowed the defendants' motions to dismiss as to all claims except A. Doe's IIED claim. In November 2019, S. Doe was allowed to amend her complaint to add her own cause of action for IIED. On September 16, 2020, A. Doe was appointed a guardian ad litem to represent his interests.[7]

---

[5] S. Doe also named Joel Krakow, a Problem Resolution System specialist for the Massachusetts Department of Elementary and Secondary Education as a defendant. On July 10, 2018, a motion to dismiss the claims against Krakow was allowed. S. Doe first raised a challenge to the dismissal of the claims against Krakow in her reply brief. As a result we decline to address S. Doe's arguments as to Krakow. See Mass. R. A. P. 16 (c), as appearing in 481 Mass. 1628 (2024) ("No new issues shall be raised in the reply brief").

[6] In total, S. Doe filed seven claims alleging (1) violation of the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983 and of the Massachusetts Civil Rights Act, G. L. c. 12, §§ 11H-11I; (2) discrimination in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134; (3) discrimination in violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 794; (4) violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d et seq.; (5) violation of the Metropolitan Council for Education Opportunity statute, G. L. c. 76, § 12A; (6) emotional distress; and (7) intentional infliction of emotional distress.

[7] A. Doe settled his IIED claim through his guardian ad litem in July 2022.

3

On November 6, 2020, the defendants then moved to compel S. Doe to produce her medical and mental health treatment records beginning from January 1, 2010, concerning her treatment for IIED or any other mental health issues. On March 16, 2021, that motion was allowed, and S. Doe's subsequent motion for a protective order to prohibit discovery was denied on April 30, 2021. On December 19, 2022, the court, noting that the materials S. Doe submitted were "wholly inadequate to meet [her] obligations," allowed a motion to dismiss for failure to comply with the discovery order. See Mass. R. Civ. P. 37 (b) (2), as amended, 390 Mass. 1208 (1984). As noted supra, the plaintiff then filed a "motion to set aside void order and judgment," which was denied on July 20, 2023. This appeal followed.

Discussion. 1. The motion to dismiss claims one through three. "We review the grant of a motion to dismiss de novo." Lanier v. President and Fellows of Harvard College, 490 Mass. 37, 43 (2022). To survive dismissal, a complaint must provide some grounds from which to conclude a plaintiff is entitled to relief. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).

In allowing the motion to dismiss as to S. Doe's first through third claims,[8] the motion judge found that, because the

_____

[8] The judge dismissed S. Doe's fourth through sixth complaints for failure to state claims upon which relief could

4

gravamen of S. Doe's claims concerned her disabled child's access to a free appropriate public education, the claims were subject to the Individuals with Disabilities Education Act's (IDEA) requirement that plaintiffs first exhaust administrative remedies.  See 20 U.S.C. § 1415(l); Fry v. Napoleon Community Sch., 580 U.S. 154, 155 (2017) (plaintiff's non-IDEA claims concerning guarantee of free appropriate public education to child with disabilities subject to IDEA exhaustion provision).  However, five years after the judge allowed the motion to dismiss, the Supreme Court of the United States clarified that the IDEA's exhaustion requirement only applies to claims which seek remedies available under the IDEA.  Luna Perez v. Sturgis Pub. Sch., 598 U.S. 142, 147-148 (2023).  Because the IDEA does not provide for compensatory damages as a remedy, and S. Doe seeks "special and general damages," S. Doe's failure to exhaust administrative remedies did not warrant dismissal of her claims.  See Luna Perez, supra.

Nevertheless, we conclude that dismissal was warranted, because S. Doe's first three claims failed to provide grounds from which we could conclude that she is entitled to relief.

---

be granted.  Therefore, to the extent that S. Doe argues that these claims were erroneously dismissed for failure to exhaust administrative remedies, such arguments are unavailing because they challenge grounds that the judge did not rely on to dismiss the claims.

See Iannacchino, 451 Mass. at 636; Commonwealth v. Va Meng Joe, 425 Mass. 99, 102 (1997) ("An appellate court is free to affirm a ruling on grounds different from those relied on by the motion judge if the correct or preferred basis for affirmance is supported by the record and the findings").

a. The due process claim. S. Doe alleges in her first claim that the defendants violated her rights under the due process clause of the Fourteenth Amendment to the United States Constitution because, by denying her son attendance at the Willard School, the defendants inflicted emotional trauma on S. Doe and A. Doe that interfered with the parent-child relationship. The due process clause's protection of parents' rights involves "the fundamental right of parents to make decisions concerning the care, custody, and control of their children." Blixt v. Blixt, 437 Mass. 649, 653 (2002), quoting Troxel v. Granville, 530 U.S. 57, 66 (2000). S. Doe did not allege that the defendants interfered with her right to make decisions concerning the care, custody, and control of A. Doe, and does not otherwise identify a right protected by the due process clause that the defendants violated. See Troxel, supra at 66. Accordingly, her complaint cannot be read to state a claim for relief for S. Doe under the due process clause. See Iannacchino, 451 Mass. at 636.

6

To the extent that S. Doe also alleges in her first claim the same conduct violated the Massachusetts Civil Rights Act, she fails to allege that any interference with her rights was accomplished by threats, intimidation, or coercion.  See Bally v. Northeastern Univ., 403 Mass. 713, 717 (1989) ("To establish a claim under the Massachusetts Civil Rights Act . . . [plaintiff] must prove . . . that the interference or attempted interference was by threats, intimidation or coercion" [quotation and citation omitted]); G. L. c. 12, § 11H.

b.  The Americans with Disabilities Act and Rehabilitation Act claims.  S. Doe does not allege that she herself is a qualified individual with a disability who has been excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or subjected to discrimination.  See 42 U.S.C. § 12132.  Nor does she allege that she is a qualified individual with a disability who, by reason of her disability, was excluded from participation in, denied the benefits of, or subjected to discrimination under any program receiving federal financial assistance.  See 29 U.S.C. § 794(a).  Accordingly, S. Doe does not state claims for relief under the Americans with Disabilities Act or the Rehabilitation Act, and her second and third claims were properly dismissed. See Iannacchino, 451 Mass. at 636.

2. The motion to amend. "We review the denial of a motion to amend the complaint for abuse of discretion." Dzung Duy Nguyen v. Massachusetts Inst. of Tech., 479 Mass. 436, 461 (2018). "Although leave to amend should be 'freely given when justice so requires,' Mass. R. Civ. P. 15 (a), 365 Mass. 761 (1974), such leave may be denied where there is undue delay, undue prejudice to the opposing party, or futility in the amendment." Id.

"The litigation privilege generally precludes civil liability based on statements by a party, counsel or witness in the institution of, or during the course of, a judicial proceeding, as well as statements preliminary to litigation that relate to the contemplated proceeding" (quotations and citation omitted). Gillette Co. v. Provost, 91 Mass. App. Ct. 133, 140 (2017). "To determine whether a proceeding is sufficiently judicial or quasi judicial in nature to apply an absolute privilege, we must examine the operation and mechanics of the proceeding itself." Fisher v. Lint, 69 Mass. App. Ct. 360, 367 (2007).

On July 9, 2021, S. Doe moved to amend her complaint to add claims of libel and slander against defendants Joncas and Murphy for statements made during an investigation conducted by the Office for Civil Rights (OCR). The judge denied the motion to amend on the ground that the defendants' statements were

8

precluded from civil liability by the litigation privilege.  See Gillette Co., 91 Mass. App. Ct. at 140.  We agree.

While S. Doe contends that the OCR investigation was insufficiently judicial because they do not have the procedural safeguards of a judicial proceeding, the OCR investigations were in fact in advance of a quasi judicial hearing.[9]  See Gillette Co., 91 Mass. App. Ct. at 140.  Had the OCR determined that the defendants were not in compliance with the OCR regulations, the defendants would have been entitled to the opportunity for a hearing.  See 34 C.F.R. § 100.8(c)(2) (1980) (order suspending, terminating, or refusing to grant or continue Federal financial assistance not effective until after opportunity for hearing).  At such hearing, the parties would have had the procedural safeguards of a judicial proceeding.  Compare 34 C.F.R. § 100.9(c)-(d) (2000) (providing right to counsel, opportunity to present evidence, and opportunity to call witnesses at OCR hearing), with Fisher, 69 Mass. App. Ct. at 369 (State police trial board hearings where parties had "the right to counsel, the right to present evidence, the right to cross-examine

---

[9] S. Doe also claims that the OCR investigations are distinguishable because they are "voluntary."  Because S. Doe initially filed the OCR petition, and an adverse OCR determination could subject the defendants to termination of federal financial assistance, it is not clear how cooperation with the OCR investigation was voluntary for the defendants. See 34 C.F.R. § 100.8 (b).

adverse witnesses, and the threat of perjury" were quasi judicial for purposes of litigation privilege). Accordingly, the defendants' statements were protected by the litigation privilege, and S. Doe's motion to amend was correctly denied as futile. See Dzung Duy Nguyen, 479 Mass. at 461.

3. The Rule 37 motion to dismiss claim seven. "While discovery orders are reviewable on appeal from entry of a final judgment, we do not interfere with the judge's exercise of discretion in the absence of a showing of prejudicial error resulting from an abuse of discretion." Solimene v. B. Grauel & Co., K.G., 399 Mass. 790, 799 (1987). If a party fails to obey an order to provide or permit discovery, the court may dismiss the action. Mass. R. Civ. P. 37 (b) (2) (C). "Our review of discovery sanctions . . . is governed by the well-established abuse of discretion standard." Short v. Marinas USA Ltd. Partnership, 78 Mass. App. Ct. 848, 852 (2011).

A claim for intentional infliction of emotional distress requires that a plaintiff show, inter alia, "that the emotional distress sustained by the plaintiff was severe and of a nature that no reasonable man could be expected to endure it" (quotation and citation omitted). Agis v. Howard Johnson Co., 371 Mass. 140, 145 (1976).

On March 16, 2021, the defendants' motion to compel discovery as to "any medical records possessed by the plaintiff

10

in support of her claim for emotional distress . . . including any provider seen for those reasons from 2014 forward, with ongoing supplementation obligations through date of trial" was allowed.  Until that point, S. Doe's sole evidence that she had suffered emotional distress appears to be premised on an affidavit she submitted in opposition to the appointment of a guardian ad litem for A. Doe, in which she stated, "I have and I continue to suffer from nausea, chest tightening, upset stomach, frustration and humiliation and other horrible things as a result of the School officials action."  Following the discovery order, the full extent of S. Doe's compliance appears to consist of a statement that she would not say whether she intended to call a mental health provider as a witness, a privilege log with four entries addressing meetings with a medical provider, and a largely redacted May 7, 2021 record of an apparent medical appointment for "anxiety disorder, unspecified."  Over one and one-half years after the motion to compel was allowed, the defendants' motion to dismiss pursuant to Mass. R. Civ. P. 37 (b) (2) (C) for failure to comply with the discovery order was allowed.

S. Doe argues that it was error to dismiss her seventh claim pursuant to Mass. R. Civ. P. 37 because she had adequately complied with the motion to compel and that she should not be compelled to produce records subject to the psychotherapist-

patient privilege.  See G. L. c. 233, § 20B ("a patient shall have the privilege of refusing to disclose, and of preventing a witness from disclosing, any communication, wherever made, between said patient and a psychotherapist relative to the diagnosis or treatment of the patient's mental or emotional condition").  However, S. Doe's argument mischaracterizes the judge's order.  The judge did not require S. Doe to waive the psychotherapist-patient privilege in order to comply with the order.  It was S. Doe who misinterpreted the psychotherapist-patient privilege so broadly that it encompassed almost any evidence that could have satisfied the motion to compel.  See Matter of M.S., 99 Mass. App. Ct. 247, 254 (2021) (psychotherapist-patient privilege "generally does not prevent a treating psychiatrist from passing along his diagnosis of a patient so long as that diagnosis does not reveal communications").

At bottom, it was S. Doe's obligation as plaintiff to provide some grounds to conclude that she had sustained emotional distress that was sufficiently severe and of a nature that no reasonable person could be expected to endure it.  See Agis, 371 Mass. at 145; Iannacchino, 451 Mass. at 636.  With only minimal evidence of her emotional distress and no evidence that her emotional distress rose to the level of severity that could support an IIED claim, S. Doe's claim appeared destined to

12

fail by way of dismissal or summary judgment.  See <u>Polay</u> v.

<u>McMahon</u>, 468 Mass. 379, 388 (2014) (bare assertion of severe

emotional distress insufficient to survive motion to dismiss);

Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002).  It

was, therefore, not an abuse of discretion for the court to

allow a motion to compel discovery of any evidence that would

properly support S. Doe's claim and allow it to survive a motion

for summary judgment.  See <u>Solimene</u>, 399 Mass. at 799.  Nor was

it an abuse of discretion for the court to allow the motion to

dismiss after S. Doe failed to comply with the court sanctioned motion to compel.[10]  See <u>Short</u>, 78 Mass. App. Ct. at 852.

<u>Judgment affirmed</u>.

<u>Appeal from order entered July 20, 2023, denying motion to void order and judgment and for declaratory relief dismissed</u>.

By the Court (Desmond, D'Angelo & Smyth, JJ.[11]),

Clerk

Entered:  March 30, 2026.

---

[10] S. Doe also challenges the denial of her motion for a protective order.  That motion reiterated the same argument S. Doe made in her opposition to the motion to compel that any medical records would be subject to psychotherapist-patient privilege.  The judge correctly treated the motion for a protective order as a motion for reconsideration and denied the motion because it failed to present new facts or legal bases to reconsider the court's ruling.  See Rule 9D of the Rules of the Superior Court (2017) ("A Motion for Reconsideration shall otherwise raise no new grounds for relief not raised in the original motion or opposition and shall not reiterate previously advanced arguments"); <u>Commonwealth</u> v. <u>Preston</u>, 393 Mass. 318, 322-323 (1984) ("We have long held that pleadings are to be treated according to their nature and substance rather than their technical form" [quotation and citation omitted]).

[11] The panelists are listed in order of seniority.