VAN GESTEL, J.
INTRODUCTION
This matter is before the Court on the defendants’ motion for summary judgment pursuant to Mass.R.Civ.P. 56. The plaintiffs acting pro se allege, among other things, that the defendants wrongfully killed their dog and refused to return its remains. The defendants contend that summary judgment should be granted because the action taken by the defendants was at all times lawful. On September 26, 1997, this Court (Fabricant, J.) allowed, without opposition, the defendant Melrose Police Department’s motion to dismiss. For the reasons discussed below, the remaining defendants’ motion for summary judgment is ALLOWED.
BACKGROUND
The summary judgment record, when considered in the light most favorable to the plaintiffs as nonmoving party, indicates the following. On September 18, 1995, the defendant, Jonathan Collins (“Collins”), an Animal Control Officer with the Melrose Police Department, was dispatched to Longfellow Road in Melrose, on a loose dog report. This dog had allegedly attacked a man and chased a woman and child. According to Collins’ affidavit and police report, he located the dog and attempted to capture it several times, however, the dog would growl, charge at him and run away whenever Collins approached it. Collins described the dog as unkempt, without identification, and with blood on its lower jaw. Collins radioed the station for assistance. Sergeant Mitchell and Officer Pike responded to the scene. Collins sprayed the dog with OC spray attempting to subdue it so he could capture it with a rabies pole. The dog continued to lunge at the officers whenever they approached it requiring Collins to spray the dog several more times with OC spray. Collins was able to get the rabies pole around the dog, however, the dog thrashed itself loose, came to rest against a fence, convulsed, and died. At some point during this struggle, Collins was bit in the left hand by the dog. Collins placed the dog in a bag to be sent to the state lab for rabies testing.
Later that afternoon, the plaintiff, Warren Fish (“Fish”), went to the Melrose Police Department to report that his dog, a pure bred Chinese Shar-Pei known as “Jack,” had broken loose from its run and was missing. The description of the plaintiffs dog matched the description of the dog which died earlier in the day. Collins informed Fish about the incident and the results. Fish stated that he did not know why Jack would act like that since Jack was not an aggressive dog. According to his affidavit, Fish then asked Collins for Jack’s remains. Collins responded that the dog’s head was in a bucket ready to go to the state lab for rabies testing. Fish then asked Collins for the name and address of the lab. Collins refused his request and ordered Fish to leave the station.
On the following day, the plaintiffs wife, Brenda DeHart (“DeHart”), telephoned the Melrose police station to further inquire about Jack. Collins asked DeHart why she had not licensed or vaccinated the dog since 1991. DeHart responded that it was due to family problems. According to DeHart’s affidavit, Collins was rude to her, tried to coerce her into stating that Jack had bitten other people in the past, and spoke to her in a very threatening manner. DeHart later telephoned the office of the defendant, Richard D. Lyons, the Mayor of Melrose, to register a formal complaint to secure the remains of her dog. Two days later, the Mayor’s office informed DeHart that the dog had been cremated.
On or about November 18, 1996, the plaintiffs sent a purported presentment letter to the Mayor’s office *148 pursuant to G.L.c. 258, §4. Thereafter, on or about August 11, 1997, the plaintiffs filed this pro se complaint in the Superior Court Department alleging violations of their state and federal civil rights, the Massachusetts Tort Claims Act, loss of consortium, wrongful death and emotional distress.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving parly to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the non-moving party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact in order to defeat the motion. Pederson, supra at 17.
A.G.L.c. 140, §156
As a threshold matter, the defendants contend that they were justified in the death of the dog pursuant to G.L.c. 140, §156. G.L.c. 140, §156 provides in relevant part: “(a]ny person may kill a dog which suddenly assaults him while he is peaceably standing, walking or riding outside the enclosure of its owner or keeper . . .” In'the present case, it is undisputed that the dog was outside the enclosure of its owner when the incident occurred. The Court is not persuaded, however, that Collins was “suddenly attacked while peaceably standing by” since Collins was an animal control officer dispatched to the scene. Collins approached the dog with a rabies pole and OC spray attempting to capture it. For these reasons, the Court rules that G.L.c. 140, §156, does not provide a defense to the present action.
B.G.L.c. 258, the Massachusetts Tort Claims Act (“MTCA”)
The plaintiffs allege that the defendants negligently killed their dog and refused to return its remains. The defendants contend that recovery against them for negligence is precluded since the plaintiffs failed to make proper presentment pursuant to G.L.c. 258, §4.[4] The defendants contend that the plaintiffs’ November 18, 1996 letter to the Mayor fails to state any claim of negligence against the City of Melrose. The plaintiffs’ letter is a narrative of the incident followed by a list of their questions regarding the action taken by the defendants. The Court rules that the plaintiffs’ letter to the Mayor is sufficient notice under the MTCA. See Doe v. Town of Plymouth, 825 F.Sup. 1102 (D.Mass 1993) (letter detailing events in question adequately notified town of plaintiffs claim, even though plaintiff failed to identify particular acts as negligent).
The Court now turns to the merits of the plaintiffs’ claim under the MTCA. The MTCA permits a plaintiff to recover from a public employer “for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment. . .” G.L.c. 258, §2. The addition of Sections 10(h) and (j) in 1993, however, expressly exempt from this provision:
(h) any claim based upon the failure to establish a police department or a particular police protection service, or if police protection is provided, for failure to provide adequate police protection, prevent the commission of crimes, investigate, detect or solve crimes, identify or apprehend criminals or suspects, arrest or detain suspects, or enforce any law, but not including claims based upon the negligent operation of motor vehicles, negligent protection, supervision or care of persons in custody, or as otherwise provided in clause (1) of subparagraph (j).
(j) any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer . . .
The plaintiffs allege that Collins' caused the dog’s death by using too much OC spray while trying to capture it. Since the plaintiffs’ claims are based upon failure of a public employer to provide adequate police protection service, the Court rules that clauses (h) and (j) immunize the City of Melrose from liability in the circumstances of this case. Carleton v. Framingham, 418 Mass. 623, 628-29 (1994).
Moreover, under the MTCA, G.L.c. 258, §10(c), public employers are not liable for intentional torts committed by public employees. Armstrong v. Lamy, 938 F.Sup. 1018 (D.Mass. 1996). Accordingly, the Court rules that any claim by the plaintiffs alleging intentional torts against the City of Melrose must also fail.
C.The 42 U.S.C. §1983 claims
The defendants, in their individual capacities,[5] maintain that they did not violate the plaintiffs’ civil rights. Even assuming that there was a violation, however, the defendants contend that they are entitled to qualified immunity. Where public officials are performing discretionaiy functions, they may be shielded from civil liability in a §1983 action by the doctrine of qualified immunity. Matthews v. Rakiey, 38 Mass.App.Ct. 490, 493 (1995), and cases cited. An official is *149 entitled to immunity if, at the time of the performance of the discretionary act, the right infringed upon was not “clearly established.” Id., citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).
The plaintiffs allege that since Jack was a healthy dog, Collins must have used an inappropriate amount of OC spray to cause its death. It is undisputed that when Collins came upon the dog it was unlicensed and had been off its leash for several hours. It is also undisputed that Collins, an animal control officer, had to call for assistance to secure the dog. OC spray and a rabies pole were dispensed to Collins by the department. It is clear from the record that the defendant was performing a discretionary function when deciding how much spray was needed to subdue the dog in order to pole it. Moreover, since Collins was bit by the dog and was aware that another person had also been attacked by the same dog, it was reasonable and necessary to send the dog to the state lab for rabies testing.
This Court can find no authority on the issue of what notice and other procedural safeguards in order to satisfy due process must be given to the owners of an unlicensed dog who bites a person, dies in the process of being captured by the animal control department, and is sent to the state lab for rabies testing. Similarly, there is no authority on the issue of what action the Mayor can take in order to secure the remains of a dog which has been sent to the state lab for testing. The present case involves an area of law that has not been defined or clearly established. Therefore, without passing on whether or not the individual defendants’ action in the present case violated any right of the plaintiffs, the Court rules that since the defendants’ actions were discretionary and did not violate any clearly established rights of the plaintiffs, the Court rules that the individual defendants are entitled to qualified immunity.
D.Massachusetts Civil Rights Act, G.L.c. 12, §11H and 111
The Massachusetts Civil Rights Act (“MCRA”), G.L.c. 12, §§11H and 1II, create a cause of action for ”[a]ny person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or ... of the commonwealth, has been interfered with by threats, intimidation or coercion.” Rogan v. Menino, 973 F.Sup. 72, 77 (D.Mass. 1997). In the present case DeHart alleges that Collins was rude to her, tried to coerce her into stating that Jack had bitten other people in the past, and spoke to her in a very threatening manner. Reading these facts in a light most favorable to the plaintiffs, the Court finds no evidence in the record of actual “threats, intimidation, or coercion” by Collins that would warrant recovery under the MCRA.
Additionally, since claims against employers under the MCRA cannot rest on the doctrine of respondeat superior, the plaintiffs also fail to state a valid MCRA claim against the City of Melrose. See Vicarelli v. Business Intern., Inc., 973 F.Supp. 241, 247 (D.Mass. 1997).
E.Intentional Infliction of Emotional Distress
This Court has previously ruled that the City of Melrose as a public employer is not liable for intentional torts committed by public employees. Any claim against the individual defendants of intentional infliction of emotional distress must also fail. To sustain a claim of intentional infliction of emotional distress, a plaintiff must show (1) that the defendant intended to cause, or should have known that his conduct would cause, emotional distress; (2) that the defendant’s conduct was extreme and outrageous; (3) that the defendant’s conduct caused the plaintiffs distress; and (4) that the plaintiff suffered severe distress. Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976). To be considered extreme and outrageous, the defendant’s conduct must be “beyond all bounds of decency and . . . utterly intolerable in a civilized community." Id. at 145.
In the present case, the Court rules that the conduct of the defendants cannot be deemed extreme and outrageous as a matter of law. Collins’ statement to the plaintiff that he had the dog’s head in a bucket ready to go to the state lab for testing may have been insensitive since the dog was the plaintiffs pet, but it cannot be considered “utterly intolerable in a civilized community.” Moreover, there is no evidence in the record to show that the plaintiffs suffered severe emotional distress as a result of the incident.
F.Loss of consortium and wrongful death claims
The plaintiffs have also asserted claims for loss of consortium and wrongful death. The plaintiffs have provided no authority and this Court can find no Massachusetts court that has recognized a cognizable claim for loss of consortium or wrongful death based upon the death of one’s dog.
Accordingly, for all of these reasons, the Court rules that there exist no genuine issues of material fact and the defendants are entitled to summary judgment as a matter of law.
ORDER
It is therefore ORDERED that the defendants’ Richard D. Lyons, Frank Fiandaca, Jonathan Collins and the City of Melrose’s motion for summary iudgment be ALLOWED.

G.L.c. 258, §4 provides in relevant part: “A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall *150 have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose ..."

Any claim against the police department, the city of Melrose and those officials sued in their official capacity may not be maintained because they are not considered “persons" under §1983. See Laubinger v. Department of Revenue, 41 Mass.App.Ct. 598, 601-02 (1996).