Brady, J.
The plaintiffs, Cheryl Dineen (“Mrs. Dineen”), Donald Dineen (“Mr. Dineen”), and the three minor children[3] (“Children”), assert claims against the defendants, Elizabeth Dinan (“Dinan”) and Community Newspaper Company (“CNC”) for invasion of privacy (Count VIII and X) and intentional infliction of emotional distress (Count IX and XI) stemming from a newspaper article that detailed a protracted custody battle between Mr. and Mrs. Dineen and Mrs. Dineeri’s daughter Tiffani Dineen and defendant Michael Hamilton (“Hamilton”), the father of Tiffani Dineen’s three Children. Dinan and CNC now seek summary judgment on the claims for invasion of privacy and intentional infliction of emotional distress.
Hamilton, in an inartfully drafted pleading, asserts a cross-claim against the defendant the Department of Social Services (“DSS”) alleging that DSS caused him to lose custody of the Children (Count I). Hamilton now seeks summary judgment on this claim and DSS has cross-moved for summary judgment.[4] For the following *185 reasons defendants CNC and Dinan’s motion is ALLOWED, defendants Hamilton’s motion is DENIED, and defendant DSS’s cross-motion is ALLOWED.
BACKGROUND
The following undisputed facts are derived from the summary judgment record. Mr. and Mrs. Dineen reported DSS allegations of abuse and neglect of the Children when they were in the custody and care of Hamilton and Tiffani Dineen. DSS investigated these allegations. In 1996, Mr. and Mrs. Dineen filed a guardianship petition as part of an extended legal battle with Mrs. Dineen’s daughter Tiffani Dineen and Hamilton, the father of Tiffani’s three Children. As a result of the petition, Mr. and Mrs. Dineen were awarded custody of the Children.
Dinan is a newspaper reporter employed by CNC. Her columns appear in the North Shore Sunday. In the weeks prior to September 6, 1998, Dinan initiated a phone interview with Mrs. Dineen.[5] Dinan informed Mrs. Dineen that she was a reporter and that she was writing an article concerning the custody battle over the Children. Dinan had been initially contacted by Hamilton who told Dinan about the custody battle and released confidential information from the DSS files. Mrs. Dineen spoke with Dinan and provided information concerning the custody battle.[6] Mrs. Dineen also referred Dinan to the Probate Court Family Services Investigator, Brian Manahan, as an additional source of information.
On September 6, 1998, the North Shore Sunday, a publication of CNC, published an article written by Dinan concerning the custody dispute. The newspaper article contained the names of the Children, as well as personal information about the Children and Mr. and Mrs. Dineen. A picture of Hamilton displaying pictures of the Children is prominently included alongside the article. The article detailed, among other things, the following personal information: (1) Hamilton allegedly urinated on one of the Children; (2) one of the Children attempted to sodomize the other; (3) one of the Children exhibited behavior that suggests that he witnessed or fell victim to sexual abuse; (4) Mr. Dineen dropped out of school in the eighth grade; (5) Mrs. Dineen was married four times to three different men; (6) Mrs. Dineen was raped at the age of twelve by her mother’s brother and another man; and (7) one of the Children claimed that Hamilton cut his hand.
DISCUSSION
I. COUNT VIII AND X OF PLAINTIFFS’ COMPLAINT: VIOLATION OF THE RIGHT TO PRIVACY
Mr. and Mrs. Dineen and the Children allege that CNC and Dinan violated their right to privacy under G.L.c. 214, § IB by publishing a newspaper article that detailed the custody battle between Mr. and Mrs. Dineen and Hamilton and Tiffani Dineen. “A person shall have a right against unreasonable, substantial or serious interference with his privacy.” G.L.c. 214, §1B. In order to recover for invasion of privacy the plaintiff must show that: (1) the defendants published private facts of a “highly personal or intimate nature,” and (2) the facts concerned a matter that is not of legitimate concern to the public. Bratt v. International Business Machine Corp., 392 Mass. 508, 51 (1984); Ayash v. Dana Farber Cancer Institute, Civ. No. 96-960565E (Suffolk Super. Ct. July 9, 1997) (7 Mass. L. Rptr. 176, 178). Consent is an absolute defense to a claim for invasion of privacy. Schlesinger v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 409 Mass. 514, 520-21 (1991). Summary judgment is favored in cases involving the right of the media to publish information, because unnecessarily protracted litigation would have a chilling effect on the exercise of First Amendment rights. Ayash, 7 Mass. L. Rptr. at 178.
A. Private Facts of a Highly Personal or Intimate Nature
Mr. and Mrs. Dineen and the Children argue that CNC and Dinan published private facts of a highly personal and intimate nature. There is no dispute that CNC and Dinan published a detailed account of the ongoing custody battle. The article included highly personal facts concerning, among other things, sexual and physical abuse. The facts disclosed in the article amounted to private facts and would have offended a reasonable person. Id. Thus, plaintiffs have established a prima facie case of “public disclosure” invasion of privacy.
B. Facts Concerning a Subject of Legitimate Public Concern
Next, the Court must address whether the newsworthiness defense nevertheless allows disposition of their privacy claim as a matter of law. CNC and Dinan argue that the newsworthiness defense applies because the article published by them concerned a matter of legitimate public interest. Mr. and Mrs. Dineen and the Children argue, however, that the article does not concern a matter of legitimate public interest. A claim for invasion of privacy cannot stand when: (1) the subject at issue is one of legitimate public concern, and (2) the disclosed facts are closely related to that subject. Ayash, 7 Mass. L. Rptr. at 179. The subject of a judicial proceeding is a subject of inherent interest and concern to the public. Peckham v. Boston Herald, Inc., 48 Mass.App.Ct. 282, 289 (1999). The article published by CNC and Dinan concerned an ongoing custody battle taking place in the Essex County Probate Court. The focus of the article concerned the details of the judicial proceedings as it has affected the lives of the parties involved. Accordingly, this Court finds that the subject of CNC and Dinan’s article was a subject of legitimate public concern.
Even if the subject of a custody battle is a matter of legitimate public concern, Mr. and Mrs. Dineen and the Children argue that CNC and Dinan included facts that were not closely related to the subject of the custody battle, but rather were “lurid and extraneous.” Ayash, 7 Mass. L. Rptr. at 179. CNC and Dinan assert *186 that all of the facts disclosed in the article are closely related to the subject matter. The article included facts detailing sexual and physical abuse of the Children, the educational background of Mr. Dineen, the marital and divorce history of Mrs. Dineen, as well as allegations that Mrs. Dineen was raped at age twelve. These details are the same facts that a court would consider in the adjudication of a custody battle. The facts relate to determining which party should or should not have custody. The subject matter of the article and the facts disclosed within the article are a matter of legitimate public concern. As a result, the claim for invasion of privacy must fail.
C. Consent to Publish Private Facts
There is dispute of fact regarding whether Mr. and Mrs. Dineen and the Children consented to the publication of the article. A dispute of a genuine issue of material fact will defeat summary judgment. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983). This dispute of fact, however, is not dispositive of the ultimate claim for invasion of privacy. Rather, the claim fails because the article is a matter of legitimate public concern for which consent is not required.
II. COUNT IX AND XI OF PLAINTIFFS’ COMPLAINT: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
Mr. and Mrs. Dineen and the Children argue that CNC and Dinan intentionally inflicted emotional distress upon them by publishing the article concerning the custody battle. One who, without privilege to do so, by extreme and outrageous conduct intentionally causes severe emotional distress to another, is subject to liability for such emotional distress. Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976). CNC and Dinan were privileged to publish the article. The article concerned a matter of legitimate public interest, and as such CNC and Dinan had the right to publish the article, including all of the facts disclosed within. Accordingly, the claim for intentional infliction of emotional distress must fail.
m. COUNT I OF DEFENDANT MICHAEL HAMILTON’S CROSS-CLAIM: ACTIONS WHICH CAUSED THE LOSS OF CUSTODY
Hamilton argues that DSS is liable to Hamilton because DSS caused him to lose the custody of the Children. Hamilton does not set forth any law or legal theory upon which there can be liability.[7] Any claim based upon a public official’s act or omission, provided they acted with due care, cannot subject the Commonwealth to liability. G.L.c. 258, § 10(a). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Penderson v. Time, Inc., 404 Mass. 14, 17 (1989). Hamilton has offered no admissible evidence based upon personal knowledge which establishes that there is no genuine issue of material fact and that Hamilton is entitled to judgment as a matter of law. Hamilton’s claims must fail.
DSS and Bender cross-move for summary judgment on Hamilton’s cross-claim on the grounds that Hamilton has failed to state any claim, tort or otherwise, which would entitle him to relief. A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Hamilton has not stated a claim upon which relief can be granted. Furthermore, Hamilton has not offered any evidence establishing that Bender or any employee of DSS acted or failed to act in bad faith with respect to their investigation of the Children. DSS and Bender have demonstrated that Hamilton has no reasonable expectation of proving any essential elements at trial. Accordingly, Hamilton’s claim against DSS and Bender must fail.
ORDER
For the reasons stated above, it is hereby ORDERED that the defendants Community Newspaper Company and Elizabeth Dinan’s motion for summary judgement on Count VIII and Count X for invasion of privacy and Count IX and XI for intentional infliction of emotional distress is ALLOWED; that the defendant Michael Hamilton’s cross-motion for summary judgment on Cross-claim I for loss of custody of the Children is DENIED; and defendant Department of Social Services and Danielle Bender’s cross-motion for summary judgment is ALLOWED.

Michael B. Dineen, Jeremy A. Dineen, and Hunter Hamilton.

Although Hamilton did not assert a claim against DSS employee Danielle Bender (“Bender”), DSS seeks summary judgment on this claim on behalf of itself and Bender.

There is a dispute of fact as to whether Dinan spoke with Mr. Dineen.

There is a dispute as to material fact concerning the content of Mrs. Dineen and Dinan’s discussion concerning the case. These facts, however, are not relevant to the Court's decision.

Hamilton’s motion for summary judgment is incoherent and illogical. The motion fails to conform to the requirement of Mass.R.Civ.P 56 and Superior Court Rule 9A. Specifically, Hamilton failed to set forth, in separately numbered paragraphs, each fact that he claims is material and not in dispute. Additionally, Hamilton’s affidavit is deficient because it is not based upon personal knowledge and would be inadmissible.