Mulligan, J.
Plaintiff, Elisabeth Bensusan, brought this action against defendant, George W. Prescott Publishing Company, seeking damages for injuries sustained when she tripped and fell on strapping material used in bundling The Patriot Ledger newspapers left on a sidewalk in Weymouth, Massachusetts. Plaintiffs complaint alleges negligence and infliction of emotional distress. Defendant seeks summary judgment on the emotional distress claim. For the reasons set forth below, defendant’s motion for partial summary judgment is DENIED, in part, and ALLOWED, in part.
BACKGROUND
The summaryjudgment record, when considered in the light most favorable to the plaintiff, as the non-moving party, reveals the following.
Defendant publishes an edition of The Patriot Ledger each day of the week, except Sunday. One of the drop-off locations for distribution of the newspapers is the corner of Broad and Washington Streets in Weymouth. Carriers, generally children with or without their parents, pick up the papers at the drop-off location and deliver them to residences in the area.
On October 2, 1997, the newspapers were delivered to the corner of Broad and Washington Streets sometime after 9:00 a.m. On October 2, 1997, at approximately 2:00 p.m., plaintiff, while walking on the sidewalk toward the intersection of Broad and Washington Streets, tripped and fell on discarded strapping material, fracturing her left wrist. In addition to her physical injury, plaintiff alleges that she suffered emotional distress and depression.
Plaintiff claims that defendant caused her injuries by negligently and recklessly allowing the looped strapping material used to bundle its newspapers to be discarded on the sidewalk. Plaintiff also makes an unspecified claim for infliction of emotional distress. Because both parties have argued as to both intentional and negligent infliction of emotional distress, the Court will determine the viability of each specific claim of emotional distress.
DISCUSSION
Summary judgment is appropriate where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Cassesso v. Comm'r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and entitlement to judgment as a matter of law. Pederson v. Time Inc., 404 Mass. 14, 17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, it may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Comm. Corn., 410 Mass. 805, 809 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion.” Pederson v. Time, 404 Mass, at 17.
Intentional Infliction of Emotional Distress
To sustain a claim of intentional infliction of emotional distress, plaintiff must show: (1) that defendant intended to cause or should have known that its conduct would cause plaintiff emotional distress; (2) that its conduct was extreme and outrageous; (3) that its conduct caused plaintiffs distress; and'(4) plaintiff suffered severe distress of a nature that no reasonable person could be expected to endure. Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976).
To qualify as extreme and outrageous, defendant’s conduct must be “beyond all bounds of decency and utterly intolerable in a civilized community.” 14. at 145. Insults, threats, or annoyances cannot establish liability, nor is it sufficient that a defendant acted with intent or malice. Foley v. Polaroid Corp., 400 Mass. 82, 99-100 (1987). And, mere negligence cannot be the basis for an intentional tort. Id.
Defendant argues that: the alleged conduct of leaving strapping material on the sidewalk was not specifically directed toward plaintiff; that such conduct cannot form the basis for a claim of intentional infliction of emotional distress because there was no intent or knowledge that the conduct would cause plaintiff emotional distress; and the mere act of leaving strapping material on a sidewalk is neither extreme nor *120 outrageous. Plaintiff maintains that as early as 1984 or 1985, defendant knew that the presence of strapping material left on a sidewalk posed a direct threat of causing grievous bodily harm to elderly pedestrians and that such conduct represents a callous disregard for the safety of elderly pedestrians, which could be found to be extreme and outrageous.
Although plaintiff may be able to prove some elements of her claim, this Court concludes, as a matter of law, that defendant’s actions were not so extreme and outrageous as to permit a jury to impose liability. The evidence is: one of defendant’s employees, a former circulation director, knew that an elderly housing complex was located across the street from the site of the accident; that defendant was aware of the fact that, in the 1980s, a number of elderly pedestrians had accidents involving strapping material within the newspaper’s circulation area; and that defendant sought to prevent such accidents when it forwarded letters to all newspaper carriers and parents of newspaper carriers. These facts, considered in combination, do not arise to “extreme and outrageous conduct” nor are they so far outside the norm as to be “utterly intolerable in a civilized society.”
Further, plaintiff provides no evidence from which a reasonable juiy could conclude that by leaving strapping material on the sidewalk, defendant should have known that such conduct could cause plaintiff extreme emotional distress. The act of negligently leaving strapping material on the sidewalk, with nothing more, does not constitute conduct directed at plaintiff. Summary judgment is appropriate on this count.
Negligent Infliction of Emotional Distress
To maintain an action for negligent infliction of emotional distress, plaintiff must prove negligence, emotional distress, causation, physical harm manifested by objective symptomatology, and that a reasonable person would have suffered emotional distress under the circumstances of the case. Sullivan v. Boston Gas Co., 414 Mass. 129, 132 (1993); Payton v. Abbott Labs, 386 Mass. 540, 547 (1982). Plaintiff must do more than allege “mere upset, dismay, humiliation, grief and anger” and instead must corroborate her mental distress claim with enough objective evidence of [physical] harm to convince" the Court that her claims present a sufficient likelihood of genuineness to go to trial. Bresnahan v. McAuliffe, 47 Mass.App.Ct. 278, 284 (1999), quoting Sullivan v. Boston Gas Co., 414 Mass, at 137-38.
In this action, plaintiff must prove: that she suffered physical harm as a result of the conduct which caused the emotional distress; that her physical harm must either cause or be caused by the emotional distress alleged and must be manifested by objective symptomatology and substantiated by expert medical testimony; and that the emotional distress must be reasonably foreseeable. Payton v. Abbott Labs, 386 Mass. 540, 556-57 (1982). Unless plaintiff proves that defendant knew or should have known of special factors affecting plaintiffs response to the circumstances of the case, plaintiff can recover only for that degree of emotional distress which a reasonable person, normally constituted, would have experienced under those circumstances. Id.
In Sullivan, plaintiffs Paul Sullivan and Mary McDonald witnessed the burning of their house and, shortly thereafter, developed physical symptoms associated with their emotional distress. Sullivan suffered from tension headaches, muscle tenderness, and gastrointestinal distress; McDonald reportedly suffered from posttraumatic stress disorder, which included sleeplessness, weeping, depression, and feelings of despair. The court, stating that these symptoms presented enough evidence of objective physical harm to satisfy the summary judgment hurdle, denied defendant’s motion for summary judgment.
‘In the present case, plaintiff has demonstrated sufficient evidence of objective symptomatology to present material issues of fact. Dr. Ebert, a forensic clinical psychologist, diagnosed plaintiff with significant emotional distress proximately caused by the October 2, 1997 accident. Specifically, Dr. Ebert found clinical evidence of a depressed mood, weeping, fearfulness, anxiety, and self-anger. Consequently, plaintiff presents enough objective evidence to submit the question of whether the nature of plaintiffs claims satisfies the physical harm requirement to the jury. Bresnahan v. McAuliffe, 47 Mass.App.Ct. at 285; Sullivan v. Boston Gas Co., 414 Mass, at 139; Payton v. Abbott Labs, 386 Mass, at 552.
Courts are not qualified to act as “super doctors," classifying ailments along physical or mental lines. Sullivan v. Boston Gas Co., 414 Mass, at 135. Indeed, this Court cannot say, as a matter of law, plaintiffs evidence of weeping, anxiety, fearfulness, depressed moods, and self-anger do not present sufficient evidence of objective physical injury.
Accordingly, this Court rules that material issues of fact exist concerning whether or not plaintiffs physical manifestations of mental distress meet the Payton standard. Therefore, summary judgment on plaintiffs claim for negligent infliction of emotional distress is not warranted.
ORDER
For the reasons stated herein, defendants’ motion for partial summary judgment is ALLOWED as to plaintiffs claim for intentional infliction of emotional distress, and DENIED as to plaintiffs claim for negligent infliction of emotional distress.